The plaintiff declared against the defendant as assignor of a note given in 1862, for the sum of $946.75.
Defendant pleaded general issue, tender, failure of consideration, scale, etc.
The consideration of the note was a quantity of tobacco and borrowed Confederate money. The note was endorsed by the payee, in (356) blank. The defendant endorsed it to the plaintiff. It was in evidence, that the note was given for about 800 pounds of manufactured tobacco and $140 in Confederate money. The payee of the note and one of the obligors were examined as to the value of the tobacco, and stated that, in the trade, it was rated from ninety cents to a dollar per pound, and that at the time it was worth from twelve and a half to fifteen cents per pound, in good money. That there was no agreement that the tobacco should be paid for in any specific currency, but that the vendor expected to receive, and the vendee to pay, in Confederate money.
His Honor instructed the jury, that they should apply the scale to the Confederate currency loaned and included in the note, and add the percentum for the depreciation of the national currency; that they should ascertain the value of the tobacco in good money at the time of the sale, and that in this connection they might look to the price agreed to be paid by the purchasers at the time and to all other facts in the case; that the jury must look to all the testimony. Defendant excepted.
The jury returned a verdict for the plaintiff, valuing the tobacco at *Page 259 
33 1-3 cents in gold, and added the premium, etc., making altogether $559.65.
After the jury returned their verdict, and before judgment, defendant moved to non-suit, on the ground that the endorsements on the note were in blank. His Honor allowed the blank to be filled up and the defendant excepted.
Judgment according to the verdict, and appeal to the Supreme Court.
The statute makes the value of the property the guide for the verdict of the jury. The estimate put upon it by the parties at the time of the sale was, to say the least, some evidence of its value and was properly left to the jury, with the other evidence in the (357) case.
The objection, that his Honor allowed the blank endorsement to be filled up, is without force. It was within the discretion of his Honor, and is usually treated as a matter of course.
PER CURIAM. No Error.