### STATE v. A C SNEED.

*Indictment for Injury to Personal Property—Evidence—Debt —Tearing up Note—Statute, Construction of.*

1. A promisory note or due bill being an "evidence of debt" and embraced in the term "personal property," (Section 3765 (6) of *The Code,* the

wanton and wilful injury to or destruction of it is indictable under Section 1082 of *The Code* as amended by Chapter 53, Acts of 1885.

2. Since the passage of Chapter 53, Acts of 1885, it is not necessary to allege or prove any malice to the owner of personal property on the part of one who wantonly and wilfully injures it nor is it material whether the property was destroyed or not.

INDICTMENT under Section 1082 of *The Code*, as amended by Chapter 53, Acts of 1885, tried before *Starbuck, J.*, and a jury at August Term, 1897. The facts appear in the opinion. The jury returned a verdict of guilty and the defendant moved in arrest of judgment because (1) the bill of indictment did not allege malice of the defendant nor did the evidence disclose any malice of the defendant towards the owner of the note and (2) because a promissory note or *chose in action* is not such personal property as is contemplated under Section 1082 of *The Code*. The motion was refused, as also one for a new trial, and defendant appealed.

*Mr. Zeb V. Walser, Attorney General,* and *Mr. A. M. Stack,* for the State.

*Messrs. L. M. Swink* and *Jones & Patterson,* for defendant (appellant).

DOUGLAS, J.: This is a criminal action under Section 1082 of *The Code*, as amended by Chapter 53 of the Laws of 1885, charging that the defendant "did wantonly and wilfully injure, mutilate, tear up and destroy certain personal property belonging to C. D., *to-wit:* a certain promissory note, due bill or written evidence of debt, &c." The only point really before us is whether the paper writing destroyed was such personal property as is contemplated by the above Section. We think this is fully settled by Section 3765 of *The Code*, which provides that: "In the construction of all Statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the same Statute, that is to say, (6) . . . The words 'personal

property' shall include monies, goods, chattels, *choses in action* and evidences of debt, including all things capable of ownership, not descendible to the heirs at law." A promissory note or due bill is certainly an evidence of debt, and its loss or destruction may cause the loss of the debt. In any event, its loss would entail upon the owner additional trouble and perhaps expense, which would amount to an injury more or less serious. Such an injury it was the evident intent of the law to prevent or to punish. We see no repugnance or inconsistency in placing upon Section 1082 of *The Code*, the construction required by sub-section 6 of Section 3765; and, in fact, in no other way can it be made effective to carry out its true intent and purpose.

Since the passage of the Act of 1885, Chapter 53, it is no longer necessary to allege and prove malice to the owner. It is sufficient to show that the injury was done wantonly and wilfully, and it is immaterial whether the property was destroyed or not. With this explicit legislative construction, in strict conformity with the letter of the Statute and in entire accordance with its spirit, we have no occasion to cite decisions rendered before its passage simply to disturb its well settled meaning.

In the absence of any error appearing in the record, the judgment is affirmed.

Affirmed.