STATE OF NORTH CAROLINA v. THOMAS EARL COTTEN (ALIAS "SKEETS" COTTEN)

No. 68SC163

(Filed 18 September 1968)

1. Criminal Law § 105— motions for nonsuit — consideration on appeal

Where defendant introduces evidence, only the correctness of the denial of the motion to nonsuit made at the close of all the evidence is presented on appeal.

2. Criminal Law § 161— appeal — necessity for assignments of error

The Court of Appeals ordinarily will not consider questions not properly presented by an exception and assignment of error in the record on appeal. Rule of the Court of Appeals No. 19(c).

3. Larceny § 7;  Indictment and Warrant § 17— variance — ownership of stolen property — person in possession

There is no fatal variance where the indictment charges defendant with larceny of property from a specified person and the evidence discloses that such person was not the owner but was in lawful possession at the time of the offense, since the unlawful taking from the person in lawful custody and control of the property is sufficient to support the charge of larceny.

**4. Larceny § 7; Indictment and Warrant § 17— automobile larceny — variance — record title in husband, wife in possession**

In a prosecution for automobile larceny, there is no fatal variance between an indictment placing ownership of the automobile in the wife and evidence showing that although record title was in the husband, both the husband and wife contributed to the purchase price of the automobile, that payments were made from the wife's checking account, that both the husband and wife drove the automobile, and that at the time the automobile was stolen the husband was in the hospital and the wife was in possession of the vehicle, the wife having a special interest in the automobile and the evidence being sufficient to support a jury finding that the wife was a joint owner.

**5. Criminal Law § 106— sufficiency of evidence to overrule nonsuit**

The trial judge must submit the question of guilt to the jury if there is material evidence of each essential element of the offense charged and that defendant was the perpetrator of the offense; this rule applies whether the evidence is circumstantial, direct, or a combination of both, it being for the jury and not the court in passing upon circumstantial evidence to determine if it excludes every reasonable hypothesis of innocence.

**6. Criminal Law § 106— sufficiency of evidence to overrule nonsuit**

There must be substantial evidence of all material elements of the offense to withstand a motion for nonsuit.

**7. Larceny § 7— evidence sufficient to overrule nonsuit**

The trial court properly submitted to the jury the question of defendant's guilt of automobile larceny where the State's evidence tended to show that within two days after the theft defendant was seen driving an automobile which fit the description of the one stolen from the prosecuting witness, that the automobile stalled and defendant was unable to start it, and that the automobile stolen from the prosecuting witness was discovered the next day at the place where the automobile defendant was driving had stalled.

**8. Larceny § 5— presumption from recent possession of stolen property**

Recent possession of stolen property under circumstances excluding the intervening agency of others raises a presumption that the possessor is himself the thief, the presumption being stronger or weaker as the possession is nearer to or more distant from the time of the commission of the offense.

**9. Evidence § 45— nonexpert opinion evidence as to value**

A witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific property or services, it not being necessary that the witness be an expert in order to give his opinion as to value.

**10. Larceny § 3— meaning of "value"**

"Value" as used in G.S. 14-72 means fair market value.

**11. Larceny § 6;　　Evidence § 45——　automobile larceny — owner's opinion as to trade-in value**

In a prosecution for the larceny of an automobile having a value of more than $200, opinion testimony by the owner of the automobile that it has a trade-in value of $1,000 is properly admitted as competent upon the question of the vehicle's value.

**12. Larceny § 8;　　Automobiles § 105——　automobile larceny — ownership — G.S. 20-71.1 not applicable**

In a prosecution for automobile larceny upon an indictment placing ownership of the vehicle in the wife, the court properly refused to instruct the jury that the fact the automobile is registered in the name of the husband creates a presumption that the vehicle is owned by him, G.S. 20-71.1 applying only in civil actions in which plaintiff seeks to hold an owner liable for the negligence of a non-owner operator under the doctrine of *respondeat superior.*

APPEAL by defendant from *Bailey, J.,* 27 November 1967 Session, DURHAM Superior Court.

Criminal action prosecuted on a bill of indictment charging that on 28 August 1967, defendant "unlawfully, wilfully and feloniously did steal, take and carry away a 1963 model Chevrolet Impala, License #EW-3192 N.C., of the value of $1000.00, of the goods and chattels of one Mrs. Charles T. Foster, contrary to the form of the statute . . ."

The jury returned a verdict of guilty as charged in the bill of indictment. The judgment of the court was that defendant "be confined in the custody of the North Carolina Department of Correction for a term of not less than three (3) years and not more than (5) years . . ." The court also directed that defendant be given credit for time spent in jail awaiting trial of his case.

From the judgment so entered, defendant appealed.

*Attorney General Thomas Wade Bruton by Deputy Attorney General Harrison Lewis and Trial Attorney Eugene A. Smith for the State.*

*W. Paul Pulley, Jr. for defendant appellant.*

MORRIS, J.

At the very outset we find it necessary to note that defendant has failed to comply with the rules of this Court. Defendant's appeal is submitted under Rule 19(d)(2) which permits the filing of the complete stenographic transcript of the evidence in the trial tribunal in lieu of setting out the evidence in narrative form. Defendant has

caused the stenographic transcript to be filed. However, he has failed to include in an appendix to his brief, "in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof." Rule 19(d)(2), Rules of Practice in the Court of Appeals of North Carolina.

Nevertheless, we have gone on a voyage of discovery through the record in an attempt to answer all pertinent questions and to assure defendant a proper determination of his case.

[1]    Defendant assigns as error the failure to allow his motion for compulsory nonsuit made at the close of the State's evidence and renewed at the close of all evidence. Since defendant introduced evidence in his own behalf, his assignment of error must be directed to the court's refusal to grant his motion for compulsory nonsuit at the close of all the evidence. *State v. Brown,* 1 N.C.App. 145, 160 S.E. 2d 508.

[2]    Defendant properly objected to the denial of his motion for nonsuit at the close of all the evidence. However, he failed to include the denial of his motion as one of his exceptions and assignments of error in the record on appeal. Our rules state that, "All exceptions relied on shall be grouped and separately numbered immediately before the signature to the record on appeal. Exceptions not thus set out will be deemed to be abandoned." Rule 19(c), Rules of Practice in the Court of Appeals of North Carolina. Although we would not normally consider an assignment of error not properly presented, since the defendant, in his brief, has vigorously argued the failure to grant his motion for compulsory nonsuit, we feel constrained to discuss it here.

Defendant sets forth two arguments in assigning error for failure to grant his motion for compulsory nonsuit: first, that there is a fatal variance between the indictment and the proof; i.e., the indictment charges defendant with the larceny of an automobile, the property of Mrs. Charles T. Foster, and the evidence disclosed that record title is in the name of Mr. Charles T. Foster; and second, that the evidence linking defendant with the larceny is purely circumstantial and therefore the case should not have been submitted to the jury. We find both these arguments to be without merit.

[3]    The fact that an indictment charges a defendant with larceny of property from a specified person and the evidence discloses that such person is not the owner but is in lawful possession at the time of the offense, does not render the indictment invalid. There is no

fatal variance, since the unlawful taking from the person in lawful custody and control of the property is sufficient to support the charge of larceny. *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165.

[4] The evidence in the instant case reveals that both Mr. and Mrs. Foster contributed to the purchase price of the automobile. Both signed the conditional sales contract. The monthly payments were made by Mrs. Foster from a checking account maintained in her name. Mr. Foster had no checking account. Both Mr. and Mrs. Foster drove the automobile to work regularly. At the time the automobile was stolen Mr. Foster was in the hospital, and Mrs. Foster had the car in her possession. The automobile was a family purpose vehicle. Although the title to the automobile was in the name of Mr. Foster, Mrs. Foster certainly had a special interest sufficient to obviate a fatal variance. *State v. Law,* 228 N.C. 443, 45 S.E. 2d 374; *State v. Powell,* 103 N.C. 424, 432, 9 S.E. 627; *State v. Hauser,* 183 N.C. 769, 111 S.E. 349; *State v. McRae,* 111 N.C. 665, 16 S.E. 173; *State v. Allen,* 103 N.C. 433, 9 S.E. 626, and cases cited. The evidence in this case is also sufficient to justify, but not compel, a finding by the jury that Mrs. Foster was a joint owner of the car. *Rushing v. Polk,* 258 N.C. 256, 128 S.E. 2d 675.

[5, 6] Although the evidence in this case is circumstantial, the trial judge was justified in submitting it to the jury for their determination. The trial court is under a duty to submit the question of guilt to the jury if there is substantial evidence of all material elements of the offense charged and that defendant was the perpetrator of the offense. This rule applies whether the evidence is circumstantial, direct, or a combination of both, it being for the jury and not the court, in passing upon circumstantial evidence, to determine if it excludes every reasonable hypothesis of innocence. *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377. In like manner, there must be substantial evidence of all material elements of the offense to withstand a motion for nonsuit. To hold that the court must grant a motion for nonsuit unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of facts. "Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury." *State v. Burton,* 272 N.C. 687, 689, 158 S.E. 2d 883.

[7] The evidence for the State tends to show that Willie Green

Atwater saw the defendant on a Monday or Tuesday in August, 1967; that defendant was driving a white 1963 or 1964 Chevrolet Impala; that another male was riding with him; that defendant drove this automobile down a dirt road near Carrboro, N. C., where Atwater was feeding his dogs; that when defendant reached the end of the road the car stalled and defendant was unable to start it; that Atwater had known defendant since childhood; that the following day the Chevrolet was still at the end of the road.

Mrs. Charles T. Foster testified that she parked her 1963 white Chevrolet Impala in front of her residence in Durham, N. C., on Sunday, 27 August 1967 at approximately 6:00 p.m.; that the keys were removed; that the doors were locked; that at approximately 6:15 a.m. on the morning of 28 August 1967 (Monday) when she left her apartment to go to the hospital the Chevrolet was missing; that she did not see the car again until 30 August 1967 (Wednesday) when a police officer from Chapel Hill, N. C., took her to the road near Carrboro, N. C., where Atwater had seen defendant drive the automobile; that the automobile she found there was her 1963 white Chevrolet; that it had been damaged; that it was in good condition when she last drove it; that she did not know the defendant; that she had given no one permission to operate the automobile.

Sergeant William F. Hester of the Chapel Hill Police Department testified that on 30 August 1967, he took Mrs. Charles T. Foster to the dirt road near Carrboro, N. C., and there she identified the 1963 white Chevrolet as her missing automobile.

[7, 8]    It was not, in our opinion, unreasonable for the trial judge to allow the jury to consider the evidence even though the evidence be circumstantial in nature. If the identity of the automobile be conceded as the stolen automobile, the fact of its being found in the same location as the automobile driven by defendant, with the other concurring evidence, tends strongly to establish the truth of the charge. The possession of stolen property recently after the theft, and under circumstances excluding the intervening agency of others, affords presumptive evidence that the person in possession is himself the thief, and the evidence is stronger or weaker, as the possession is nearer to or more distant from the time of the commission of the offense. So far as appears to us, the only explanation given by defendant is that he was at another place at the time. Such evidence as is here presented must be left to the jury to weigh and consider in determining the question of defendant's guilt. We deem the action of the trial judge in denying the motion for compulsory nonsuit to have been proper. *State v. Patterson,* 78 N.C. 470.

[9-11]    Mr. Charles T. Foster testified for the State. He was questioned extensively concerning the 1963 Chevrolet. At one point, the solicitor asked Mr. Foster his opinion as to the value of the automobile. Mr. Foster replied: "I think on a trade-in I could get a thousand dollars for it . . ." It is evident here that the solicitor was attempting to fix the value of the 1963 Chevrolet in excess of $200.00. Defendant assigns as error the admission of this testimony.

It is not necessary that a witness be an expert in order to give his opinion as to value. "A witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific real property, personal property, or services." Stansbury, N. C. Evidence, 2d, § 128, p. 300. "Value" as used in G.S. 14-72 means fair market value. State v. Cook, 263 N.C. 730, 140 S.E. 2d 305. An estimate has been held to be some evidence of value. Ogburn v. Teague, 67 N.C. 355. On the basis of what has already been stated, we feel that Mr. Foster's opinion as to the value of the 1963 Chevrolet was competent evidence to be considered by the jury. This assignment of error is overruled.

[12]    Defendant's assignment of error No. 9 is taken to the action of the trial judge in refusing to submit a requested instruction to the jury. At the close of the court's charge to the jury, defense counsel requested the jury be instructed that, "The fact (sic) automobile was registered in name of Mr. Foster creates a presumption that the vehicle was owned by Mr. Foster." Defendant bases this requested instruction on G.S. 20-71.1, which reads as follows:

"§ 20-71.1.    Registration evidence of ownership, ownership evidence of defendant's responsibility for conduct of operation. —
(a)    In all actions to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be prima facie evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose.

(b)    Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment."

A careful consideration of the original Act, Chapter 494, S.L. 1951 (of which G.S. 20-71.1 is a codification), including its caption, leads us to the conclusion that it was designed and intended to apply, and does apply, only in those cases where the plaintiff seeks to hold an owner liable for the negligence of a non-owner operator under the doctrine of *respondeat superior.* Its purpose is to establish a ready means of proving agency in any case where it is charged that the negligence of a non-owner operator causes damage to the property or injury to the person of another or for the death of a person, arising out of an accident or collision involving a motor vehicle. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309. *"It does not have, and was not intended to have, any other force or effect."* (Emphasis supplied.) *Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767. While the language used in subsection (a) is not as apt as that used in subsection (b), the intent and meaning of the two are the same. *Hartley v. Smith, supra.*

This case involves the larceny of an automobile — a criminal action. The statute was plainly meant to apply in a civil case. The trial judge was correct in refusing to give the requested instruction. The statute creates a presumption of ownership only in those specific instances enumerated. Defendant's assignment of error No. 9 is overruled.

The remainder of defendant's assignments of error are to the charge of the court. We have carefully examined the judge's charge, and construing it as a whole, we find no prejudicial error.

Affirmed.

CAMPBELL and BRITT, JJ., concur.