IN THE MATTER OF WALTER DENNIS EDWARDS, A MINOR,
AGED 15

No. 7322DC416

(Filed 13 June 1973)

1. Infants § 10— juvenile proceeding — request for court reporter denied
   — failure of trial court to make findings — new hearing
       Where the trial judge refused the juvenile's request for a court
   reporter to transcribe the proceedings, the electronic device for record-
   ing the proceedings failed to function and the trial judge ·did not
   summarize the evidence and make findings of fact within ten days, the
   Court of Appeals cannot give the minor an effective appellate review;
   however, the Court in its discretion does order a new hearing.

2. Infants § 10— unrealistic condition of probation — order vacated
       An order requiring that an indigent fifteen-year-old regularly
   attending school and without a steady job pay the complainant $1500
   within 30 days or face confinement was unrealistic and is vacated.

APPEAL by the minor from *Hughes, District Court Judge,*
15 January 1973 Session of District Court held in DAVIDSON
County.

*Attorney General Morgan, by Assistant Attorney General
Icenhour, for the State.*

*Stoner, Stoner & Bowers, by P. G. Stoner, for respondent
appellant.*

BROCK, Judge.

This matter was heard upon four juvenile petitions, each
signed by the same complainant. Two were signed on 5 January
1973 complaining of alleged conduct of the minor on 5 January
1973. The two other petitions were not signed until 9 Jan-
uary 1973 but they also complained of alleged conduct of the mi-
nor on 5 January 1973. The testimony of the complainant
indicates that he was an eyewitness to the alleged conduct on 5
January 1973. There is no explanation why one petition on the
5th of January would not have been sufficient; nor is there an ex-
planation why complainant waited until 9 January 1973 to
complete his allegations concerning conduct occurring on 5
January 1973.

When the petitions were called for hearing, the minor,
through counsel, requested the trial judge to cause a court re-

porter to record the proceedings. The trial judge declined to do so and advised that the proceedings would be recorded by electronic recorder, and that the record thereof would be available for transcribing. After the proceedings were terminated and a Juvenile Disposition Order was entered, counsel for the minor was advised that the recording device had failed to function properly and the proceedings could not be transcribed.

[1]  We have held that, in the absence of a showing of prejudice, it is not error to deny a motion for a court reporter to record the proceedings in District Court. *McAlister v. McAlister*, 14 N.C. App. 159, 187 S.E. 2d 449. In juvenile cases, in the absence of a showing of prejudice, it is not error to deny the use of a court reporter or a recording device to record the proceedings. However, in such situation our appellate rules require the trial judge to summarize the evidence and make findings of fact. Rule 19(g), as amended on 19 May 1970 provides:

> "In all appeals from the district courts in cases involving juveniles, pursuant to G.S. 7A-277 through G.S. 7A-289, these rules shall apply, with the exception that when the evidence is not recorded and transcribed, and notice of appeal is given in such case, the district court judge shall, within ten days after the notice of appeal is given, summarize the evidence and make findings of fact as required by the statute."

In this case the trial judge has failed to summarize the evidence and make findings of fact. Because of the paucity of the record of the proceedings, we are unable to give the minor an effective appellate review. However, in our discretion we will order a new hearing.

[2]  It is noted that the trial judge found this minor to be indigent and allowed him to appeal as a pauper, but imposed as a condition of probation that this fifteen-year-old boy pay to the complainant the sum of $1,500.00 within 30 days. We see no basic harm in requiring a minor to compensate for damages if he has maliciously caused them. However, a realistic approach must be taken. In this case a fifteen year old, regularly attending school, without a steady job, is required to pay $1,500.00 within 30 days or face confinement.

The Juvenile Disposition Order, dated 29 January 1973, is vacated, the Juvenile Adjudication Order, dated 29 January 1973, is vacated; and the Detention Order, dated 9 January

1973, is vacated. The cause is remanded to the District Court for a

New hearing.

Judges HEDRICK and VAUGHN concur.