Watts v. Todd

---

EDWARD HOMER WATTS v. FORREST E. TODD

No. 7426DC636

(Filed 20 November 1974)

Evidence § 45— opinion testimony as to value — exclusion erroneous
    In an action to recover on a note a sum due from sale of a business where defendant claimed that plaintiff had taken possession of col-

lateral without applying the proceeds therefrom toward the debt, the trial court erred in not admitting defendant's testimony placing a value on the collateral.

APPEAL by defendant from *Johnson, Judge,* 18 February 1974 Session of MECKLENBURG County District Court. Heard in the Court of Appeals on 15 October 1974.

Plaintiff sued to recover on a note wherein the defendant, as maker of the note, was obligated to pay plaintiff $3000.00. This sum represented the balance due plaintiff from the sale of a business to defendant. Contemporaneous with the note, an agreement was executed granting plaintiff a security interest in various items of equipment located at the business premises. Defendant answered the complaint alleging in part that plaintiff had taken possession of the collateral without applying the proceeds therefrom toward the debt as provided in the security agreement.

*Peter L. Reynolds, for plaintiff appellee.*

*Robertson & Brumley, by Richard H. Robertson, for defendant appellant.*

MARTIN, Judge.

The undisputed evidence shows that plaintiff had taken possession of the collateral after defendant's default on the note. Defendant contends the trial court erred in not admitting into evidence defendant's testimony placing a value on the collateral. The testimony by defendant shows he was familiar with the collateral and has such knowledge and experience as to enable him to intelligently place a value on the collateral. "It is not necessary that a witness be an expert in order to give his opinion as to value." *State v. Cotten,* 2 N.C. App. 305, 163 S.E. 2d 100 (1968). "[I]t is enough that he is familiar with the thing upon which he professes to put a value and has such knowledge and experience as to enable him intelligently to place a value on it." 1 Stansbury, N. C. Evidence, Brandis' Revision, § 128, p. 408. This assignment of error is sustained and a new trial is ordered.

Discussion of defendant's other assignments of error is unnecessary since the asserted errors to which they relate may not recur at the next trial.

New trial.

Chief Judge BROCK and Judge PARKER concur.