STATE OF NORTH CAROLINA v. WILLIAM MILLER CASEY

No. 828SC557

(Filed 18 January 1983)

**1. Criminal Law § 50— opinion testimony as to value—repeated questions**

In a prosecution for willful injury to personal property (a truck), the trial court did not err in permitting the owner of the truck to testify that the post-impact value of the truck was $400 after the prosecutor asked him four times about the value of the truck after the impact.

**2. Property § 4.2— willful injury to personal property—sufficiency of evidence**

The evidence was sufficient to support conviction of defendant for willful and wanton injury to personal property in violation of G.S. 14-160 where defendant admitted that he intentionally ran into the victim's truck with his car, and the evidence tended to show that this intentional act was done in disregard of the victim's property rights in his truck, it not being necessary to prove that defendant was acting with malice toward the owner of the truck.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 29 January 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 6 December 1982.

Defendant was charged with unlawful, willful and wanton injury to personal property in violation of G.S. 14-160 and driving while under the influence of intoxicating liquor in violation of G.S. 20-138. He pled not guilty to both charges.

The State's evidence tended to show that on 1 August 1981, the defendant struck a 1962 Chevrolet truck owned and operated by James Wheeler in the driveway of Ellen Lane's residence in Wayne County. The defendant was operating a 1968 Cadillac when he hit Wheeler's truck.

Wheeler testified that the defendant turned off of the highway and hit the truck. He then backed up and hit it again. Wheeler stated that there was damage to the left headlight, the bumper, the grill and the right fender. His testimony was that there was a $400 diminution in the truck's value after the incident.

Trooper Willie B. Young of the Highway Patrol corroborated Wheeler's description of the damage. He also described the defendant as having "a very strong odor of alcoholic beverage about him, his speech was slurred, mush-mouthed . . ." and added that

the defendant's face was "red, or flushed." Young observed the defendant driving a few minutes after leaving the scene of the incident and arrested him for driving under the influence.

Trooper K. R. Gales of the Highway Patrol testified that the defendant refused to take a breathalyzer test at the Goldsboro Police Department. He stated that in his opinion the defendant was under the influence of intoxicating liquor when he was at the Police Department.

Defendant's motion to dismiss both charges at the end of the State's evidence was denied.

The defendant testified that during the morning of 1 August 1981, he drank a can of beer and took a dose of ammonia to settle his nerves. About dinner time, defendant took Susie Mae Grady to Ellen Lane's house. When he arrived there, he saw a truck that he thought belonged to his nephew. Defendant hit the truck with his car while traveling one or two miles per hour and with his foot on the brake. When he realized that it was Wheeler's truck, defendant stopped and backed up. He denied hitting the truck a second time.

The defendant, Grady and Lane all testified that they observed no damage to the Wheeler truck after the accident.

Defendant's motion at the close of all the evidence to dismiss both charges was denied. He was found guilty of damage to personal property with a value of less than $200 and given a suspended sentence upon payment of a fine, court costs and restitution. Defendant was also convicted of driving under the influence and given a maximum sentence of 123 days. From these convictions and sentences, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Barnes, Braswell & Haithcock, by Tom Barwick, for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant raises two arguments on this appeal. He first contends that the trial court should have sustained his objections to

the prosecutor's repeated questioning of Wheeler about the value of his truck after the impact with the defendant's car.

The transcript shows that Wheeler stated that his truck was worth $800 before the impact. After the prosecutor asked him four times about the value of the truck after the impact, Wheeler said $400.

We first note that as owner of the truck, Wheeler was a competent witness to give an opinion on its value before and after the impact. *See generally,* 1 Brandis, N.C. Evidence § 128 (2nd rev. ed. 1982); *State v. Avery,* 302 N.C. 517, 276 S.E. 2d 699 (1981); *State v. Cotten,* 2 N.C. App. 305, 163 S.E. 2d 100 (1968). There was competent evidence to support his opinion since he had obtained two estimates of the damage at garage repair shops.

Although the prosecutor may have asked some leading questions on the valuation issue, we find no error on this point. The control of leading questions is within the trial judge's discretion, *State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974), and we find no abuse of that discretion here.

Even if the leading questions were improperly admitted, defendant was not prejudiced thereby. By asking the questions on value, the State was attempting to establish damage greater than $200. Although Wheeler testified that the diminution in value was $400, the jury only convicted defendant of damage to personal property with a value of less than $200.

[2]  Defendant's second contention is that the damage to personal property charge should have been dismissed because the State did not prove that the damage was wanton and willful as required by G.S. 14-160. The defendant does not dispute that he hit Wheeler's truck but instead, he contends that he did not intend to damage it.

G.S. 14-160 does not define willful or wanton. But in *State v. Williams,* 284 N.C. 67, 199 S.E. 2d 409 (1973), our Supreme Court stated the meaning of these terms.

> In our view, the words "wilful" and "wanton" refer to elements of a single crime. Ordinarily, "[w]ilful as used in criminal statutes means the wrongful doing of an act without justification or excuse, or the commission of an act purposely

and deliberately in violation of the law." *State v. Arnold,* 264 N.C. 348, 141 S.E. 2d 473 (1965). "Wantonness . . . connotes intentional wrongdoing. . . . Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others." *Hinson v. Dawson,* 244 N.C. 23, 28, 92 S.E. 2d 393, 396-97 (1956).

*Williams,* 284 N.C. at 72-73, 199 S.E. 2d at 412.

By admitting that he hit Wheeler's truck intentionally, defendant showed that he acted willfully. This intentional act was also wanton since it was done in disregard of Wheeler's property rights in his truck. It is not necessary to prove that defendant was acting with malice toward Wheeler when he hit his truck to convict him under G.S. 14-160. *State v. Sneed,* 121 N.C. 614, 28 S.E. 365 (1897).

We also note that defendant did not object to the jury instructions on wanton and willful conduct. Those instructions were consistent with the definitions stated in *Williams* and we find them to be correct.

No error.

Judges JOHNSON and BRASWELL concur.