THADDEUS SEXTON, JR. v. ROLAND A. BARBER

No. 8312DC1147

(Filed 6 November 1984)

1. **Evidence § 45; Automobiles and Other Vehicles § 45— opinion of value of automobile before and after collision—admissible**

   In an action for damages arising from an automobile collision, there was no error in the admission of a witness's opinion as to the value of plaintiff's automobile before and after the collision where the witness testified that he had been in the automobile business for thirty-one years, had appraised the value of the automobile just prior to the collision during trade-in negotiations, was familiar with the damage done in the collision, and had knowledge based on his experience as a car dealer of the value of the car after the collision.

2. **Evidence § 50.2— medical opinion of disability—preexisting condition not distinguished—no error**

There was no error in the admission of the opinion of a medical expert as to plaintiff's disability when the expert did not distinguish plaintiff's preexisting condition. The proper remedy for defendant was cross-examination.

3. **Evidence § 34.6; Automobiles and Other Vehicles § 45— physician's opinion of plaintiff's pain—based in part on plaintiff's statements—admissible**

In an automobile accident case tried without a jury, a medical expert's opinion about plaintiff's pain had an adequate foundation and was admissible where the witness based his opinion on more than just the statements of plaintiff and plaintiff's statements to the witness were made for the purposes of diagnosis and treatment. Furthermore, the court's findings were supported by competent evidence and it is presumed that the trial court considered only competent evidence.

APPEAL by defendant from *Cherry, Judge.* Judgment entered 18 May 1983 in District Court, CUMBERLAND County. Heard in the Court of Appeals 28 August 1984.

This is a civil action in which plaintiff, Thaddeus Sexton, Jr., seeks damages from defendant, Roland A. Barber, for injuries resulting from the negligence of the defendant arising out of an automobile collision in Fayetteville, North Carolina.

At the 16 May 1983 Civil Session of the District Court of Cumberland County, the case was tried without a jury by stipulation on the issue of damages only.

The evidence offered at trial tended to show that plaintiff was operating his automobile along Gruber Road on the Fort Bragg Military Reservation when there was a collision with the defendant's automobile. Plaintiff suffered various injuries to his neck, chest and arm, all of which were treated by his physician.

Plaintiff offered evidence in his case-in-chief that he had missed several days of work, but had lost no income. He also testified as to a pre-existing back injury that was aggravated by the collision. Plaintiff offered further evidence as to his injuries through the testimony of Dr. Byer, a Fayetteville physician who treated plaintiff following the collision.

Plaintiff also offered evidence as to the value of his automobile before and after the collision through his witness Harold Holmes.

Defendant offered no evidence but did cross examine plaintiff and his witnesses.

From the verdict, judgment entered and final order awarding damages in the amount of $5,000, the defendant appeals. He assigns as error the admission of certain testimony as to the value of plaintiff's automobile and the opinion of the medical expert as to disability and pain suffered by plaintiff.

*Canady, Person and Britt, by N. H. Person and Carl L. Britt, Jr., for plaintiff-appellee.*

*Nance, Collier, Herndon & Wheless, by James R. Nance, Jr., for defendant-appellant.*

EAGLES, Judge.

I.

[1] Defendant first assigns as error the admission into evidence of plaintiff's witness's testimony as to the value of plaintiff's automobile before and after the collision. The basis of this assignment of error is that the witness, Harold Holmes, had no personal knowledge of the facts. We disagree.

The evidence offered at trial by the witness, Harold Holmes, indicated that he had been in the automobile business for thirty-one years, that he was familiar with the vehicle in question, and that he had recently appraised its value at $5,800.00 during trade-in negotiations with plaintiff just prior to the collision. He also testified that he was familiar with the damage done to plaintiff's vehicle as a result of the collision and had knowledge, based on his experience as a car dealer, of the value of the car after the collision. He testified the car was then worth $4,500.00, considering the repairs that had been made since the collision.

A witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific personal property. See, *State v. Cotten*, 2 N.C. App. 305, 163 S.E. 2d 100 (1968); 1 Stansbury, North Carolina Evidence, Section 128 (Brandis Rev. 1982). Here, the witness had experience as a car dealer and information gained as to the automobile in question as a result of his observation and negotiations

in regard to that particular automobile. It was not error to admit the witness's opinion testimony.

## II.

[2] Defendant next assigns as error the admission into evidence of the opinion of a medical expert as to plaintiff's disability where there was no distinction made regarding a pre-existing condition. We find no error.

Plaintiff's witness, Dr. Byer, was a medical expert who examined the plaintiff, took x-rays of his injuries, diagnosed his injuries, prescribed medicine for him and later saw him on a follow-up examination. In a deposition, Dr. Byer testified that plaintiff was disabled for approximately three weeks. A medical expert may give his opinion as to the condition of a person's body, percentage of disability or the condition of the patient's mental capacity on the basis of probabilities based upon the medical expert's examination and diagnosis. See, Stansbury, North Carolina Evidence, Section 135 (Brandis Rev. 1982). Here, defendant complains that the medical expert did not distinguish plaintiff's pre-existing disability. The proper remedy for defendant is cross examination of the plaintiff's witness. Our examination of the record reveals no error in the admission of the medical testimony.

## III.

[3] Defendant next assigns as error the admission into evidence of the opinion of the medical expert as to plaintiff's pain without an adequate factual foundation. We find no error.

Defendant contends that the mere hearsay statements of the plaintiff made to his medical doctor were insufficient for the doctor to form an opinion as to plaintiff's pain. However, the medical witness testified, based upon the known medical history of the plaintiff and his observation, examination and treatment of the plaintiff, that it was his opinion that the plaintiff suffered pain. Therefore, the medical witness based his opinion on more than just statements of the plaintiff.

The record indicates that the plaintiff did tell the medical witness he had pain. At the time they were made, the statements of the plaintiff were made for the purposes of diagnosis and treatment of injuries received in the collision. While these statements

of the plaintiff in another context would be hearsay, the statements take on new significance when they are made to a treating physician and form the basis of a medical expert's opinion.

A physician, as an expert witness, may give his opinion, including a diagnosis, based either on personal knowledge or observation or on information supplied to him by others, including the patient, if the information is inherently reliable even though it may not be independently admissible into evidence. If the expert's opinion is admissible, the expert may testify to the information relied on in forming it for the purpose of showing the basis of the opinion. *State v. Wade*, 296 N.C. 454, 251 S.E. 2d 407 (1979).

The reliability of plaintiff's statement to his physician arises from the fact that the statements were made in the course of professional treatment and with a view of effecting a cure. The record discloses no reason why the medical witness's opinion should not have been admitted. There was no error in admitting Dr. Byer's opinion as to the plaintiff's pain.

Finally, we note that findings of fact made by the trial court sitting without a jury are conclusive on appeal if supported by competent evidence, and it is presumed that the trial court considered only the competent evidence and discarded the rest. *Ayden Tractors, Inc. v. Gaskins*, 61 N.C. App. 654, 301 S.E. 2d 523, *rev. denied*, 309 N.C. 319, 307 S.E. 2d 162 (1983). Our examination of the record indicates that the findings of fact made by the trial court are based on competent evidence and that the defendant's assignments of error are without merit.

Affirmed.

Judges ARNOLD and WHICHARD concur.