**IN RE McKOY**

[138 N.C. App. 143 (2000)]

———

IN THE MATTER OF: RODNEY McKOY, JUVENILE

———

IN THE MATTER OF: RONDELL McKOY, JUVENILE

No. COA99-691

(Filed 16 May 2000)

**1. Juveniles— restitution—means to pay**

The trial court erred by ordering juveniles to pay restitution for throwing rocks at a car where there was insufficient evidence that the juveniles had or could reasonably acquire the means to pay $539.50 each within twelve months.

**2. Juveniles— restitution—parents' ability to pay**

N.C.G.S. § 7A-649(2) does not authorize the juvenile court to consider the parents' ability to pay restitution when ordering juveniles to make restitution to the victim as a condition of probation.

**3. Juveniles— delinquency—wanton and willful conduct**

There was sufficient evidence in a juvenile proceeding to support findings that the juveniles acted wantonly and willfully in damaging a vehicle, thus supporting findings of delinquency.

Appeal by respondent juveniles from adjudicatory orders entered 27 October 1998 and dispositional orders entered 26 January 1999 by Judge Franklin F. Lanier in Lee County District Court. Heard in the Court of Appeals 14 March 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Anna K. Baird, for the State.*

*Tron D. Faulk for respondent-appellant Rodney McKoy; Yvonne K. Smith for respondent-appellant Rondell McKoy.*

WALKER, Judge.

On 27 October 1998, Rodney McKoy, age 8, and Rondell McKoy, age 7, (collectively "the juveniles") were adjudicated delinquent for willfully and wantonly injuring the personal property of another in violation of N.C. Gen. Stat. § 14-160. After a dispositional hearing, the juveniles were placed on supervised probation for a period of twelve months with certain terms and conditions. One of the conditions was that probation would be renewed at the end of the twelve-month period if each juvenile had not paid $539.50 in restitution.

The State's evidence at the adjudicatory hearing tended to establish the following: On 6 August 1998, the juveniles were standing at the bus stop as Melissa Laird drove her 1989 Ford vehicle past them. Ms. Laird testified that she saw the two juveniles, who were standing with three other children at the bus stop, throw rocks toward her car. She then heard "pow, pow, pow" as the rocks hit her car. Ms. Laird immediately "slammed on [her] brakes," turned the car around, and saw the juveniles run behind a house. She provided information to the authorities, who located the juveniles. Ms. Laird further testified that the paint on her car was "chipped and scratched" and the windshield was "busted in three or four spots," resulting in approximately $1,000.00 in damage.

Milton Jackson, the juveniles' stepfather, testified on the juveniles' behalf, stating that he had questioned the juveniles regarding this incident and that they had both denied throwing rocks at the car. Mr. Jackson further testified that the juveniles are "very truthful" and "very disciplined." During the adjudicatory hearing, juvenile Rodney McKoy admitted throwing rocks to try "to hit the doggie" but denied hitting Ms. Laird's car with rocks. He further testified that someone named "Tyrone" hit the car with rocks. Juvenile Rondell McKoy testified that he did not pick up any rocks that day although his brother

did. He also stated that it was "Tyrone" who hit Ms. Laird's car with rocks, not his brother.

The juveniles contend that the juvenile court erred in: (1) ordering them each to pay $539.50 in restitution since it did not consider their best interests and needs as required by N.C. Gen. Stat. § 7A-646; (2) ordering them each to pay $539.50 in restitution where they do not have the means and cannot reasonably acquire the means to pay this amount; (3) considering the ability of the juveniles' parents to pay the restitution; and (4) in finding the juveniles were delinquent for committing injury to personal property since the evidence was insufficient to show the juveniles acted wantonly and willfully.

[1] We first address the juveniles' contentions that the juvenile court erred in ordering them each to pay $539.50 restitution since it did not consider their best interests and needs as required by N.C. Gen. Stat. § 7A-646 (1995) (repealed 1 July 1999) and since they were without the means to make such restitution within twelve months. The juveniles cite to *In re Berry*, 33 N.C. App. 356, 235 S.E.2d 278 (1977), in which two juveniles were adjudicated delinquent for willfully and wantonly damaging real property and ordered to pay restitution in the amount of $666.50 each as a condition of probation. On appeal, this Court stated:

> [A] requirement that a juvenile make restitution as a condition of probation must be supported by the record and appropriate findings of fact which demonstrate that the best interest of the juvenile will be promoted by the enforcement of the condition.

Id. at 360, 235 S.E.2d at 280-281. After examining the record, this Court found that the juvenile court had failed to make any findings from which it could be "determined that such a condition is fair and reasonable, relates to the needs of the children, tends to promote the best interest of the children, or is in conformity with the avowed policy of the State in its relation to juveniles." Id. Thus, the record was insufficient to support the condition of probation requiring the juveniles to make restitution. *Id.*

The juveniles also cite to *In re Register*, 84 N.C. App. 336, 352 S.E.2d 889 (1987), a prior decision of this Court involving seventeen juveniles who had vandalized the victim's residence while she was away. In that case, only eight of the seventeen juveniles were selected for prosecution based on their or their parents' unwillingness or inability to pay $1,000.00 each in restitution to the victim. *Id.* On appeal, this Court stated:

> We endorse the discriminate and prudent use of restitution in juvenile cases as provided in G.S. 7A-649, but compensation of victims should never become the only or paramount concern in the administration of juvenile justice.

*Id.* at 339, 352 S.E.2d at 891. This Court found that the juvenile judge did not follow the provisions of the juvenile code set forth in N.C. Gen. Stat. § 7A-646 since there was "nothing in the record to indicate that the court heard and considered any evidence as to the most appropriate dispositional order in each case." *Id.* at 349-350, 352 S.E.2d at 896-897. Instead, the "overriding concern" of the juvenile court was "reimbursing the victim for her financial loss." *Id.* Thus, this Court held that the juvenile court erred in requiring the juveniles accused of vandalism to pay $1,000.00 each in restitution. *Id.*

Here, the record reveals that during the dispositional hearing, the juvenile judge was concerned that the parents of the juveniles had not taken responsibility for payment of the damages. The juvenile judge observed that he would extend probation until each juvenile reached eighteen years of age unless restitution was made. Although the dispositional order otherwise addresses the needs and best interest of each juvenile, the record does not reveal any findings which demonstrate that ordering each juvenile to pay $539.50 in restitution was in their best interest.

Furthermore, N.C. Gen. Stat. § 7A-649 provides that a judge may:

> (2) Require restitution, full or partial, payable within a 12-month period to any person who has suffered loss or damage as a result of the offense committed by the juvenile; . . . however, the judge shall not require the juvenile to make restitution if the juvenile satisfies the court that he does not have, and could not reasonably acquire, the means to make restitution.

N.C. Gen. Stat. § 7A-649(2) (1995) (repealed 1 July 1999); *See* N.C. Gen. Stat. § 7B-2506(4) (1999). Here, the juvenile judge determined that the juveniles, ages 7 and 8, were "not old enough" to participate in the Lee County restitution program. The juvenile judge then found:

> The only way that I can ever see any possibility of this lady getting her money, because of the age of these juveniles, and it's not going to be any time soon, is to put them on probation and just to keep extending it until the money is paid.

**IN RE McKOY**

[138 N.C. App. 143 (2000)]

We note that on 1 October 1998, the Clerk of Superior Court determined that both juveniles were indigent, and counsel was appointed to represent them. *See In re Edwards*, 18 N.C. App. 469, 197 S.E.2d 87 (1973). Therefore, we conclude that there was insufficient evidence before the juvenile court that the juveniles had or could reasonably acquire the means to pay $539.50 each in restitution within twelve months, and thus, it was not in their best interest to require such. We do not suggest, however, that the juvenile court is prohibited from making an inquiry of a juvenile during the dispositional hearing in order to determine if the juvenile has the ability to make full or partial restitution within the twelve-month probationary period.

**[2]** The juveniles next contend that the juvenile court erred in considering their parents' ability or willingness to pay the restitution. In her recommendation to the juvenile court, the intake counselor recommended as a condition of probation for each juvenile that the parents be responsible to make restitution to the victim. While the dispositional orders make no reference to the parents' obligation to pay restitution, the juvenile judge's comments during the dispositional hearing indicate that he considered the parents' ability or willingness to make restitution in ordering the juveniles to pay $539.50 each as a condition of probation. The juveniles rely on *In re Register*, 84 N.C. App. 336, 350, 352 S.E.2d 889, 897 (1987), in which this Court held:

> [T]he limit of the parents' civil liability for damage 'maliciously or willfully' done to property by a juvenile pursuant to G.S. 1-538.1, is not the proper criteria for determining the punishment to be imposed upon that juvenile found to be delinquent under G.S. 7A-649.

The State argues that *In re Register* is distinguishable but fails to cite any authority to support its argument that the parents' ability to pay restitution can be considered in determining a juvenile's disposition.

We note that N.C. Gen. Stat. § 7A-649(2) (1995) (repealed 1 July 1999), set forth above, addresses only whether the juvenile has or could reasonably acquire the means to make restitution and does not address the parents' ability to pay. Furthermore, we also note that N.C. Gen. Stat. § 1-538.1 (1999) provides for parents to be held strictly liable for a victim's actual damages up to $2,000.00 where a minor maliciously or willfully injures such person or their property. In *Insurance Co. v. Faulkner*, 259 N.C. 317, 323, 130 S.E.2d 645, 650 (1963), our Supreme Court found:

IN RE McKOY

[138 N.C. App. 143 (2000)]

G.S. § 1-538.1, and similar statutes, appear to have been adopted not out of consideration for providing a restorative compensation for the victims of injurious or tortious conduct of children, but as an aid in the control of juvenile delinquency. . . . Its rationale apparently is that parental indifference and failure to supervise the activities of children is one of the major causes of juvenile delinquency; that parental liability for harm done by children will stimulate attention and supervision; and that the total effect will be a reduction in the anti-social behavior of children.

Thus, we conclude that N.C. Gen. Stat. § 7A-649(2) does not authorize the juvenile court to consider the parents' ability to pay restitution when ordering the juveniles to make restitution to the victim as a condition of probation.

[3] The juveniles' last assignment of error is that the juvenile court erred in finding them delinquent for committing injury to property since there was insufficient evidence to show they acted "wantonly and willfully." "Ordinarily, wilful as used in criminal statutes means the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of the law." *State v. Casey*, 60 N.C. App. at 414, 416-417, 299 S.E.2d 235, 237, *disc. review denied*, 308 N.C. 192, 302 S.E.2d 245 (1983). The word "willful" means "voluntary and intentional, but not necessarily malicious." BLACK'S LAW DICTIONARY 1593 (7th ed. 1999). "Conduct is wanton when [it is] in conscious and intentional disregard of and indifference to the rights and safety of others." *Casey*, 60 N.C. App. at 416-417, 299 S.E.2d at 237. After carefully reviewing the record, we conclude that there was sufficient evidence to support the juvenile court's findings that the juveniles acted "wantonly and willfully" in damaging Ms. Laird's vehicle, and thus support the findings of delinquency.

In summary, the dispositional orders in No. 98 J 92 and No. 98 J 93 are modified by vacating the special condition of probation requiring the juveniles to make restitution by the payment of $539.50 each. Except as specifically modified, the dispositional orders are affirmed.

Vacated in part and affirmed in part.

Judges GREENE and TIMMONS-GOODSON concur.