IN THE MATTER OF: RALPH BERRY AND ABRAHAM WALLACE

No. 7627DC1046

(Filed 1 June 1977)

1. Criminal Law § 76.5— statements to police — voir dire hearing — failure to make specific findings

Uncontroverted *voir dire* testimony of an officer that he advised a juvenile of his rights, that the juvenile stated that he understood them, and that the juvenile and his father signed a written waiver of rights form was sufficient to support the trial judge's admission of the juvenile's statements into evidence, even though the trial court failed to make specific findings that such statements were freely, understandingly and voluntarily made.

2. Criminal Law § 76.6— statements to police — voir dire — sufficiency of findings of fact

Defendant's contention that the trial court erred in admitting his statements to a police officer because it failed to make specific findings after *voir dire* that his confession was understandingly and voluntarily made is without merit, since the court's finding that " . . . the juvenile . . . was apprised of his rights, and was familiar with his rights at the time of the discussion with [the officer]" was sufficient to support the order permitting defendant's statements into evidence.

3. Infants § 10— juvenile delinquency proceeding — restitution as condition of probation — error

In a juvenile delinquency proceeding where respondents allegedly damaged vacant houses, the trial court erred in requiring as a condition of probation that respondents pay $666.50 each to a realty company as restitution for damage, since the court made no finding of fact from which it could be determined that such a condition was

fair and reasonable, related to the needs of the children, tended to promote the best interests of the children, or was in conformity with the avowed policy of the State in its relation to juveniles.

APPEAL by respondents from *Bulwinkle, Judge* and *Harris, Judge.* Orders entered 19 August 1976 and 20 September 1976 in District Court, GASTON County. Heard in Court of Appeals 10 May 1977.

In juvenile petitions, respondents, Ralph Berry and Abraham Wallace, were alleged to be delinquent children as defined by G.S. 7A-278 (2) in that they wilfully and wantonly caused damage to certain real property in Gastonia, North Carolina. At the adjudicatory hearing the State offered evidence tending to show that "extensive" damage was done to vacant new houses owned by Triangle Realty and located on New Castle Drive in Gastonia. After *voir dire* the court allowed Officer B. V. Posey to testify as follows concerning statements made to him by the respondents:

> "Mr. Berry told me that he along with some other subjects were playing chase in some empty houses which were near his home on New Castle Drive and that there was some damage done to the houses while they were playing. Mr. Berry stated to me that all he did was catch one piece of sheetrock and pull it down, and the sheetrock was already hanging from the ceiling when he pulled it down. Mr. Berry told me that he also pulled a piece of tape which ran across some other sheetrock and that he pulled the tape loose all the way across to over the doorway.

> \*    \*    \*

> "He [Wallace] stated that he went to some new houses on New Castle Drive near where he lived, with some other boys and they were playing chase in the houses and he stated that he was running through the attic and fell and hit the sheetrock and he said where he fell through was over a hallway near a light fixture and that when he fell through, one leg went on one side with a piece of lumber and the other leg went on the other side, kept him from going all the way through."

By orders dated 19 August 1976 Judge Bulwinkle found that " . . . [each respondent] is a delinquent child by reason of having committed malicious damage to real property belong-

ing to Triangle Realty located on New Castle Drive on or about the 15th or 16th of June, 1976," and by orders dated 20 September 1976 Judge Harris placed each respondent on probation for six months upon the following conditions:

> " . . . (1) That he be and remain of good behavior and violate none of the laws of this State; (2) That he report to the probation officer at such time or times as he may require to do so and answer any and all questions about his conduct and condition; (3) That he attend the public schools so long as he remains within the age group; (4) That he be at the home where he resides by nine p.m. each night; (5) That he not be in the accompaniment of anyone of questionable character or who is on probation; (6) That he pay restitution in the amount of $666.50 to be disbursed to Triangle Realty."

Respondents appealed.

*Attorney General Edmisten by Special Deputy Attorney John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua for the State.*

*Larry B. Langson, Assistant Public Defender for the 27th Judicial District, for respondent appellants.*

HEDRICK, Judge.

Each respondent contends Judge Bulwinkle erred in allowing Officer Posey to testify as to statements made to him by the respondents with respect to the damage done to the property on New Castle Drive. Before the statements were allowed into evidence, the court conducted a *voir dire* to determine whether the statements were voluntarily and understandingly made. Upon *voir dire* Officer Posey testified that he explained to each respondent his rights under the *Miranda* decision and enumerated his rights from a "rights form." Each stated that he understood his rights and signed a written waiver thereof. Berry's mother and Wallace's father signed the written waivers. Wallace offered no evidence on *voir dire,* but Berry testified on *voir dire* on his own behalf. Berry acknowledged that at the time he was questioned by Officer Posey he was advised of his rights and signed a written waiver of his rights; however, while admitting that he stated to Officer Posey that he understood his rights at the time he was questioned by him, Berry equivocally testified that he in actuality did not understand all of his rights.

In re Berry

[1]   Wallace argues that his statements were inadmissible because the court failed to make findings of fact as to whether his statements were freely, understandingly, and voluntarily made, and that the evidence on *voir dire* revealed that he did not orally waive his rights. The uncontroverted *voir dire* testimony of Officer Posey that he advised Wallace of his rights, that Wallace stated that he understood them, and that Wallace and his father signed the written waiver form is sufficient to support the trial judge's admission of Wallace's statements into evidence, *State v. Lock,* 284 N.C. 182, 200 S.E. 2d 49 (1973), even though the trial court failed to make specific findings that such statements were freely, understandingly and voluntarily made. *State v. Biggs,* 289 N.C. 522, 223 S.E. 2d 371 (1976).

[2]   Berry contends the court erred in admitting his statements to Officer Posey into evidence because it failed to make specific findings after *voir dire* that his confession was understandingly and voluntarily made. He argues that he offered evidence on *voir dire* that he did not understand his rights, and, therefore, it was incumbent upon the trial judge to resolve the conflicts in the evidence by appropriate findings. Assuming *arguendo* that Berry's equivocal testimony on *voir dire* was sufficient to raise an issue of whether he understood his rights, we are of the opinion that the trial court's finding that, " . . . the juvenile Ralph Berry was apprised of his rights, and was familiar with his rights at the time of the discussion with Officer Posey," is sufficient under the circumstances of this case to support the order permitting Berry's statements into evidence.

We have carefully considered respondents' remaining assignments of error relating to the adjudicatory hearing and find them to be without merit. We hold the respondents had a fair hearing free from prejudicial error and the orders adjudicating each respondent to be a "delinquent child" will be affirmed.

G.S. 7A-286(4) sets forth the policies to be considered in designing the appropriate disposition of juveniles who have been adjudicated to be delinquent or undisciplined, and then provides,

"After considering these policy objectives, the court may:

b.  Place the child on probation for whatever period of time the court may specify, and subject to such conditions of probation as the court finds are related to the

needs of the child and which the court shall specify, under the supervision of the juvenile probation officer; . . . "

G.S. 7A-285 in pertinent part provides, "In all cases the court order [adjudication or disposition order] shall be in writing and shall contain appropriate findings of fact and conclusions of law."

[3] Having adjudicated that the respondents were delinquent children, the court clearly had authority to place them on probation for six months on condition that they remain of general good behavior, report to the probation officer, attend school, adhere to a curfew, and not associate with "anyone of questionable character or who is on probation." The record in these cases demonstrates that these conditions are fair and reasonable, relate to the needs of the children, and are calculated to promote the best interest of the children in conformity with the avowed policy of the State in its relation with juveniles. Furthermore, these conditions are sufficiently specific to be enforced. However, it is our opinion that the special condition that each respondent pay $666.50 to Triangle Realty as restitution for damage is void and unenforceable. The record does not reveal, and the court made no finding of fact from which it can be determined that such a condition is fair and reasonable, relates to the needs of the children, tends to promote the best interest of the children, or is in conformity with the avowed policy of the State in its relation to juveniles. We are not unmindful of the rights of the injured parties in such cases. (See G.S. 1-538.1) but a requirement that a juvenile make restitution as a condition of probation must be supported by the record and appropriate findings of fact which demonstrate that the best interest of the juvenile will be promoted by the enforcement of the condition. In these cases the court made no finding with respect to the amount of damage to the real property. Indeed, there is no evidence in this record, other than the allegation in the petition, as to the amount of the damage. Furthermore, the court made no finding, and the evidence is vague as to precisely how much of the damage was attributable to the conduct of each respondent. While, as we stated before, the evidence and the findings made by the trial court are sufficient to support the adjudication, we are of the opinion, and so hold, that the record and the findings are not sufficient to support the condition of probation that the respondents make restitution by the payment of $666.50 each. Therefore, the disposition order is modified by

striking the sixth condition of probation in the disposition orders. Except as specifically modified, the disposition orders will be affirmed.

Modified and affirmed.

Judges MORRIS and ARNOLD concur.