IN THE MATTER OF: RALEIGH WARREN PHILLIPS

No. 8317DC479

(Filed 7 February 1984)

**Infants § 20— juvenile delinquent—erroneous restitution order**
    The trial court erred in ordering a juvenile to pay restitution of $500.00 for damages to a car where the court found as a fact that the car damage amounted only to $232.17.

APPEAL by respondent from *Clark, Foy, Judge.* Order entered 25 February 1983 in District Court, SURRY County. Heard in the Court of Appeals 6 December 1983.

Respondent was charged with being a delinquent juvenile within the meaning of G.S. 7A-517(12). Evidence at the hearing showed that respondent and another juvenile stole a Ford Pinto, drove it around some, and had an accident, which damaged the car.

At the hearing the owner of the car testified that he bought it the day before the theft for $600, but estimated that it was damaged in the amount of $1,000. The trial court's only finding of fact with respect to the car damage was as follows:

> [T]hat damages to the vehicle are found to be as follows: $25.00 — wrecker service, $57.21 — flywheel, $2.56 — new seal, $75.00 — transmission, $60.00 — labor, $13.40 — tune-up for a total of $232.17.

But in its Juvenile Disposition Order, pursuant to G.S. 7A-649, the court ordered the respondent to pay restitution to the car owner in the amount of $500. A similar order was entered against the other juvenile.

*Attorney General Edmisten, by Assistant Attorney General Robert E. Cansler, for the State.*

*W. David White for respondent appellant.*

PHILLIPS, Judge.

Since its only support is an express finding of fact that the car damage amounted to $232.17, the order requiring the respondent to pay restitution in the amount of $500 cannot stand. Though it may be, as the State contends, that the court intended to find only that the out of pocket expenses incurred by the owner amounted to $232.17 and did not intend to find that the damages were only in that amount, we cannot rewrite the finding to so state, but are bound by the finding made. Though in handling juvenile cases the courts are allowed considerable leeway and detailed findings are not usually required, *In re Steele*, 20 N.C. App. 522, 201 S.E. 2d 709 (1974), juveniles, as other litigants, are nevertheless entitled to due process and judgments rendered against them contrary to law must fail. *In re Mash*, 63 N.C. App. 130, 303 S.E. 2d 660 (1983).

But because of the irreconcilable conflict between the court's finding of fact and order, the court is directed to reconsider both and correct either or both, as the evidence and the court's appraisal of it warrants. In doing so, however, heed should be taken of the following: Restitution, from its very nature and meaning, is necessarily limited to the amount lost, or damage done, which

amount, however, as the law of damages makes plain, is neither governed by nor limited to the amount of expenses that the owners incurred. G.S. 7A-649(2) requires that joint and several liability for the loss sustained be imposed on all juvenile contributors to the damage *if* all the participants have or can reasonably acquire the means to make restitution. And under Article IX, Section 7 of our Constitution fines and penalties cannot be given to the owners of damaged property, but must go to the school fund.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.