IN THE MATTER OF MICHAEL CALVIN HULL, JAMES WILLIAM DOLLY-HIGH, AND MICHAEL LEE REYNOLDS

No. 8717DC916

(Filed 1 March 1988)

1. **Infants § 20— juvenile delinquents—restitution order unsupported by evidence**
    The trial court's order requiring juveniles to pay $3,000 as restitution to a mobile home owner who had suffered $8,000 in damages was unsupported by the evidence where the juveniles were adjudicated delinquent for throwing rocks through the windows of the mobile home, but there was no evidence as to the amount of damage caused by the rocks.

2. **Infants § 20— juvenile delinquent—restitution order unsupported by charge or adjudication**
    The trial court erred in ordering a juvenile to pay restitution for damage to a car where the juvenile was neither charged with nor adjudicated delinquent for damaging the car. N.C.G.S. § 7A-631.

3. **Infants § 20— juvenile delinquents—joint and several liability**
    If the trial judge on remand finds that three juveniles jointly participated in causing damage by throwing rocks through the windows of a mobile home, the juveniles should be held jointly and severally liable for the damage. N.C.G.S. § 7A-649(2).

APPEAL by juveniles from *Carter (Clarence), Judge*. Judgment entered 12 June 1987 in Juvenile Court, SURRY County. Heard in the Court of Appeals 9 February 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Gardner, Gardner & Johnson, by John C. W. Gardner, Jr., for respondent-appellant Michael Calvin Hull.*

*Sarah Stevens for respondent-appellant James W. Dollyhigh.*

*W. David White, P.A., by Marion McNeil McKenzie, for respondent-appellant Michael Lee Reynolds.*

GREENE, Judge.

This is a juvenile action in which the trial judge adjudicated several juveniles as delinquent and placed them on probation. The juveniles appeal.

Juveniles Hull and Dollyhigh were charged with damage to real and personal property. Juvenile Reynolds was only charged with damage to real property. Each of the three juveniles admitted they threw rocks through some windows in a mobile home owned by Kester Sink. Hull and Dollyhigh denied throwing rocks at certain automobiles and damaging them. Based on the admissions and evidence at the adjudicatory hearing, the trial judge found the three juveniles delinquent for damage to the mobile home of Kester Sink and found Hull and Dollyhigh delinquent for damage to the automobiles. In the dispositional order, the trial judge found the mobile home damaged in the amount of $8,000. The juveniles were placed on probation and the court required, among other things, that each juvenile pay restitution in the amount of $1,000 to Kester Sink and to pay $130.21 to Carolyn Moore for damage to her automobile.

The issues presented are: I) whether the trial court's orders requiring restitution in the total amount of $3,000 for damage to the mobile home are supported by competent evidence, II) whether the trial judge erred in requiring Reynolds to pay restitution for damage to the automobile owned by Carolyn Moore, and III) whether the court erred in not requiring joint and several liability of the juveniles for damage to Kester Sink's mobile home.

I

[1]   The trial judge ordered restitution in the total amount of $3,000 for damage to the mobile home. Section 7A-651 (1986) of the North Carolina General Statutes requires a written dispositional order containing appropriate findings of fact and conclusions of law. The dispositional order here incorporated the terms of the probation order. Therefore, the order of restitution contained in the probation order must be supported by appropriate findings of fact. These findings must in turn be supported by some evidence in the record. *See In the Matter of Montgomery*, 311 N.C. 101, 110, 316 S.E. 2d 246, 252 (1984).

The order of the trial judge found as a fact that the mobile home was damaged in the amount of $8,000 and ordered restitution in the amount of $3,000. A trial judge is not required to order full restitution and may order partial restitution. N.C.G.S. Sec. 7A-649(2). However, the findings of fact entered by the trial court indicating damages by the juveniles in the amount of $8,000, and allowing restitution in the amount of $3,000, is totally without support in the record and cannot support the order of restitution.

A trial judge is permitted to order restitution only to persons who have suffered "loss or damages as a result of the offense committed by the juvenile." N.C.G.S. Sec. 7A-649(2). *See also In re Phillips*, 66 N.C. App. 468, 469, 311 S.E. 2d 365, 366 (1984). Although the record contains substantial evidence that Mr. Sink suffered great damage to his property, the juveniles were charged only with breaking windows and damaging the doors of his property. Furthermore, the juveniles admitted only to throwing rocks through some of the windows in the mobile home and nothing further. There is no evidence in the record as to the amount of damage caused by the rocks thrown by the juveniles.

Therefore, as the record is devoid of any evidence as to the amount of damage caused by the rocks thrown by the juveniles, the dispositional order must be vacated and this matter remanded for a new dispositional hearing. At the new hearing, the court must determine the amount of damages caused to the mobile home by the rocks thrown through the windows by the juveniles.

## II

[2]  The order requiring Reynolds to pay restitution to Carolyn Moore for the damage to her automobile was also in error. Reynolds was not petitioned nor adjudicated for the delinquent act of damaging the personal property of Carolyn Moore. Therefore, the court was without authority to order Reynolds to pay any restitution to Carolyn Moore. See N.C.G.S. Sec. 7A-631 (at adjudicatory hearing, juvenile has right to written notice of facts alleged in the petition to assure due process of law and adjudications are limited to allegations contained in the petition).

## III

[3]  The court found in the dispositional orders that all three juveniles were acting in concert with each other in causing the damage to the mobile home. However, from the order for restitution, it appears the trial court only found them individually responsible. Because we are unable to determine from the record whether the juveniles jointly participated in causing the damage, on remand, the trial judge should make this determination. If he finds the juveniles jointly participated in causing the damage, then they should be held jointly and severally liable for the damage caused by their rock throwing. See N.C.G.S. Sec. 7A-649(2) (when juveniles participate with others in causing damage or injury "all participants should be jointly and severally responsible for the payment of restitution").

Accordingly, the trial court on remand must determine whether the juveniles are responsible in restitution only for the damage they individually caused or whether there should be some form of joint and several liability. We find no merit in the remaining assignments of error raised by the juveniles.

## IV

The dispositional hearing is vacated and this matter is remanded for a new dispositional hearing consistent with this opinion.

Vacated and remanded.

Judges WELLS and EAGLES concur.