IN THE MATTER OF: NAME: JAKE SCHRIMPSHER, DATE OF BIRTH: 12-30-82

No. COA00-442

(Filed 15 May 2001)

1. Juveniles— probation—ability to pay restitution

The trial court did not err in a juvenile proceeding for misdemeanor breaking and entering and injury to real property when it determined a sixteen-year-old juvenile had the ability to pay restitution as a condition of probation, because: (1) the trial court ordered the juvenile to obtain a full-time job as authorized by N.C.G.S. § 95-25.5; (2) the trial court made provisions to adjust the weekly payments required by the order if the juvenile returned to school in the Fall; and (3) N.C.G.S. § 7A-649(2) (now repealed) placed the burden on the juvenile to show he did not have the means to make restitution, but the juvenile presented no evidence as to why he did not have or could not reasonably acquire the means to make restitution.

IN RE SCHRIMPSHER

[143 N.C. App. 461 (2001)]

**2. Juveniles— probation—restitution by only one when more than one causes damage error**

The trial court erred by making insufficient findings to support the condition of probation that a juvenile alone had to make restitution of no more than $3,000.00 when the record reveals at least one other juvenile codefendant was adjudicated delinquent for breaking and entering and causing injury to real property, because: (1) when a juvenile participates with others in causing damage, all should be held jointly and severally responsible for payment of restitution; (2) the trial court failed to make findings in order to determine whether the participants acted jointly in causing harm; and (3) the trial court failed to make any findings of fact regarding the total amount of damage caused in the October 1998 break-in, or any findings as to how much damage is attributable to the juvenile.

**3. Juveniles— probation—submission at any time to urinalysis, blood, or breathalyzer testing error**

The trial court erred in a juvenile proceeding for misdemeanor breaking and entering and injury to real property when it required as a condition of probation for a juvenile to submit at any time to urinalysis, blood, or breathalyzer testing if requested by his court counselor or any law enforcement officer, because: (1) a trial judge is expressly forbidden from requiring an adult probationer to submit to a warrantless search by any officer; and (2) to allow such intrusion on a juvenile would be inconsistent with the desire to protect youthful offenders.

**4. Juveniles— probation—warrantless searches in any home or vehicle defendant is present error**

The trial court erred in a juvenile proceeding for misdemeanor breaking and entering and injury to real property when it required a juvenile as a condition of probation not to reside in a home or to be present in a vehicle unless the residents/owners have consented to a search of the home for controlled substances, because: (1) this condition places responsibility for the juvenile's success on probation in the hands of third parties; (2) the condition does not limit to whom the juvenile must submit for warrantless searches; and (3) the condition is overly burdensome to the juvenile and not specific enough to be enforced.

IN RE SCHRIMPSHER

[143 N.C. App. 461 (2001)]

Appeal by respondent from order entered 29 July 1999 by Judge William M. Neely in Moore County District Court. Heard in the Court of Appeals 6 February 2001.

*Michael F. Easley, Attorney General, by Kathleen M. Waylett, Assistant Attorney General, for the State.*

*Blevins & Costanza, P.A., by Rich Costanza, for respondent-appellant.*

BIGGS, Judge.

Respondent-appellant appeals from a juvenile disposition order requiring that he comply with certain conditions of probation. The juvenile assigns error to three of the conditions of probation set forth in the trial court's order. For the reasons stated herein, we vacate in part, and remand this matter for disposition consistent with this opinion.

In October 1998, respondent-appellant (hereinafter "juvenile") and several others broke into the Longleaf Lodge in West End, North Carolina. The juvenile was charged with misdemeanor breaking and entering, injury to real property, and possession of one-half ounce or less of marijuana. On 11 May 1999, the juvenile appeared in Moore County District Court before the Honorable Michael Sabiston. Pursuant to a plea bargain, the juvenile pled guilty to misdemeanor breaking and entering and was adjudicated delinquent. Disposition of the case was continued until 20 July 1999. At the disposition hearing, the court counselor recommended that the juvenile not be placed on probation, but that he serve an active term of five days in detention. The juvenile objected to the court counselor's recommendation, and thereafter, Judge William H. Neely placed the juvenile under supervised probation for a period of twelve months, subject to several terms and conditions. Based on three of the conditions set forth in the order of disposition entered by the trial court, the juvenile now appeals.

I.

First we address the juvenile's contention that the trial court erred in requiring as a condition of probation that the juvenile pay up to $3,000.00 restitution. Condition (j) of the disposition order provides,

[t]hat [juvenile] obtain a full time job until school starts and that he pay at least one hundred dollars a week under supervision for restitution to the insurance company for the damage caused up to a maximum of three thousand dollars. If he is enrolled as a full time student after school resumes, he must pay at least forty dollars a week on a weekly basis for restitution.

The purpose of a disposition in a juvenile action is to "design an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction." N.C.G.S. § 7A-646 (1995) (repealed 1 July 1999)[1]; *see* N.C.G.S. § 7B-900 (1999). N.C.G.S. § 7A-649(8) (1995) (repealed 1 July 1999) authorizes the trial court to place a juvenile on probation under the supervision of a court counselor and to specify conditions of probation reasonably related to the needs of the juvenile. *See also*, N.C.G.S. § 7B-2506(8) (1999). As a condition of probation, the trial court can require that the juvenile make specified financial restitution. N.C.G.S. § 7A-649(8)(e) (1995) (repealed 1 July 1999); *see also*, N.C.G.S. § 7B-2506(22) (1999). The court may order a juvenile to pay restitution, full or partial, to any person who has suffered loss or damage as a result of the offense committed. *See* N.C.G.S. § 7A-649(2) (1995) (repealed 1 July 1999); *see also*, N.C.G.S. § 7B-2506 (22) (1999).

However, the court does not have absolute discretion when ordering a juvenile to pay restitution. An order of restitution must be supported by the record, which demonstrates that the condition is fair and reasonable, related to the needs of the child, and calculated to promote the best interest of the juvenile in conformity with the avowed policy of the State in its relation with juveniles. *In re Berry*, 33 N.C. App. 356, 360, 235 S.E.2d 278, 280 (1977). Further, the court "shall not require the juvenile to make restitution if the juvenile satisfies the court that he does not have, and could not reasonably acquire, the means to make restitution." N.C.G.S. § 7A-649(2) (1995) (repealed 1 July 1999); *see also*, N.C.G.S. § 7B-2506(22) (1999).

[1] First, the juvenile asserts that the court erred by failing to make appropriate findings based on the evidence, regarding the juvenile's ability to pay restitution. We disagree.

N.C.G.S. § 95-25.5 (1999) authorizes the employment of youth sixteen (16) years of age and older. The court found as fact that the juvenile was sixteen (16) years old at the time of the disposi-

---

1. Chapter 7B, the Juvenile Code, became effective July 1, 1999 and is applicable to acts committed on or after that date.

tion. Thereafter, the court ordered the juvenile to obtain a full time job, thus enabling the juvenile to make restitution. *See* N.C.G.S. § 7A-649(8)(f) (1995) (authorizing trial judge to require that juvenile be regularly employed while not attending school); *see also*, N.C.G.S. § 7B-2504(7) (1999). Additionally, the trial court made provisions to adjust the weekly payments required by the order if the juvenile returned to school in the Fall.

N.C.G.S. § 7A-649(2) (1995) (repealed 1 July 1999) places the burden on the juvenile to "satisfy the court that he does not have, and could not reasonably acquire, the means to make restitution." *See* also, N.C.G.S. § 7B-2506(22) (1999). When given an opportunity to be heard through his attorney, the juvenile presented no evidence as to why he did not have or could not reasonably acquire the means to make restitution.

Accordingly, we find that the trial court made appropriate findings of fact based on evidence in the record that the juvenile had or could reasonably acquire the means to pay specified restitution within the twelve month probationary period.

[2] Next, the juvenile contends that the trial court erred in requiring that he alone make restitution when the record reveals that at least one other juvenile co-defendant was adjudicated delinquent for breaking and entering and causing injury to the Longleaf Lodge, and that none of the other co-defendants, whether juvenile or adult, were ordered to pay restitution. We agree.

"A trial judge is permitted to order restitution only to persons who have suffered 'loss or damages as a result of the offense committed by the juvenile'." *In the Matter of Hull*, 89 N.C. App. 138, 140, 365 S.E.2d 221, 222 (1988) (citation omitted); *see* G.S. § 7A-649(2); *see also*, N.C.G.S. § 7B-2506(22). However, as stated above, before ordering a juvenile to pay restitution, the trial court must make findings of fact, supported by the record, which demonstrate that the best interest of the juvenile will be promoted by enforcement of the condition. *In re Berry*, 33 N.C. App. 356, 360, 235 S.E.2d 278, 280-81 (1977). Further, when a juvenile participates with others in causing damage, all should be held jointly and severally responsible for payment of restitution. *In the Matter of Hull* 89 N.C. App. at 141, 365 S.E.2d at 223; *see* G.S. 7A-649(2); *see also*, G.S. 7B-2506(22).

In the present case, although the record indicates that others participated in the break-in, the trial court made no findings from which

we can determine whether the participants acted jointly in the causing harm. Moreover, the trial court failed to make any findings of fact regarding the total amount of damage caused in the October 1998 break-in, or any findings as to how much damage is attributable to the juvenile. Without such findings, it is impossible to determine whether the conditions are fair and reasonable, and in the best interest of the juvenile. The only evidence in the record pertaining to damages is a stipulation by both parties that the State did not seek restitution from any other participants since damages were paid by insurance, and a statement by the Assistant District Attorney at the disposition hearing that there was "substantial damage in the nature of $50,000."

We find that the trial court made insufficient findings to support the condition that the juvenile make restitution in the amount of no more than $3,000.00. Accordingly, the trial court on remand must determine whether the juvenile is responsible only for the damage that he individually caused, the amount of said damages, or whether there should be some form of joint and several liability.

II.

[3] In his next assignment of error, the juvenile contends that the trial court erred when it required the juvenile to "submit at any time to urinalysis, blood, or breathalyzer testing if requested by his court counselor or any law enforcement officer." The juvenile concedes that the trial court was authorized to require that he submit to warrantless searches requested by his court counselor; but asserts that requiring him to submit to testing by "any law enforcement officer," clearly exceeds the authority granted to the trial judge in setting terms and conditions for juvenile probation. We agree.

We find no specific statutory provision or case law that addresses this condition. However, looking to the purpose of the Juvenile Code and case law involving adults in similar circumstances we find guidance. The court is given broad discretion in structuring dispositional alternatives. *In re Groves*, 93 N.C. App. 34, 37, 376 S.E.2d 481, 483 (1989); *In re Lambert*, 46 N.C. App. 103, 104-05, 264 S.E.2d 379, 380 (1980). However, this discretion must be exercised within the stated goals and purposes of the Juvenile Code. One of the Code's stated purposes is to assure fair and equitable procedures and to protect the constitutional rights of juveniles. N.C.G.S. § 7A-516(2) (1995) (repealed 1 July 1999); *see also*, N.C.G.S. § 7B-100(1) (1999). In *State v. Norris*, 77 N.C. App. 525, 335 S.E.2d 764 (1985), the issue presented

was whether evidence obtained in a non-testimonial identification of a juvenile, conducted without a "court order" in violation of N.C.G.S. § 7A-596, should have been excluded. The State argued that since the statute concerning the court order requirement for non-testimonial identification procedure involving adults did not apply to in-custody defendants, by analogy, it did not apply to in-custody juvenile defendants. *Id.* at 528, 335 S.E.2d at 765-66. The court concluded that "[t]he fact that the showup was conducted on a juvenile does not lessen but should actually increase the burden upon the State to see that the child's rights were protected." *Id.* at 529, 335 S.E.2d at 766. In keeping with the duty and desire to protect the interest of juveniles, rights expressly granted to adults are also afforded to children. *Id.* The court stated "[t]o deny a juvenile the very rights expressly granted to adults would be to provide the juvenile a lower, not higher, level of protection." *Id.*

As a condition of probation, a trial judge can require an adult probationer to "submit at reasonable times to warrantless searches by a probation officer of his person and of his vehicle and premises while he is present, for purposes specified by the court and reasonably related to his probation supervision . . . ." N.C.G.S. § 15A-1343(b1)(7) (1999). However, an adult probationer may not be required to submit to warrantless searches conducted by *any officer. State v. Grant,* 40 N.C. App. 58, 60, 252 S.E.2d 98, 99 (1979) (emphasis added); *see also, State v. McCoy,* 45 N.C. App. 686, 263 S.E.2d 801, *disc. review denied,* 300 N.C. 377, 267 S.E.2d 681 (1980) (requiring a probationer to submit to warrantless testing of blood and urine for controlled substance by his probation officer as a condition of probation is lawful).

Applying the above-mentioned principles to the circumstances before us, since a trial judge is expressly forbidden from requiring an adult probationer to submit to a warrantless search by any law officer, to allow such intrusion on a juvenile would be inconsistent with our desire to protect youthful offenders. We find that the trial court erred in ordering the juvenile to submit to a search by any law enforcement officer without a warrant. Accordingly, that portion of the condition ordering the juvenile to submit to a search by "any law enforcement officer" shall be vacated.

III.

[4] The juvenile's final assignment of error regards condition (n) of the disposition order which requires that the juvenile "not reside in a home or be present in a vehicle unless the residents/owners have

consented to a search of the home for controlled substances." The juvenile argues that this condition is invalid because it places responsibility for the juvenile's success on probation in the hands of third parties and it does not limit to whom the juvenile must submit for warrantless searches. We agree.

In deciding conditions of probation, the trial court is granted wide discretion to "fashion alternatives which are in harmony with the individual child's needs." *In re McDonald*, 133 N.C. App. 433, 434, 515 S.E.2d 719, 721 (1999). However, as stated above, the record must show that the condition is fair and reasonable, related to the needs of the child, and calculated to promote the best interest of the juvenile in conformity with the avowed policy of the State in its relation with juveniles. *In re Berry*, 33 N.C. App. at 360, 235 S.E.2d at 280. Further, the condition must be sufficiently specific to be enforced. *Id.*

As a condition of probation, the court can order "[t]hat the juvenile not associate with specified persons or be in specified places." N.C.G.S. § 7A-649(8)(c) (1995) (repealed 1 July 1999); *see also*, N.C.G.S. § 7B-2506(11). Additionally, the juvenile concedes, and this Court has upheld conditions which require probationers to permit warrantless searches by a probation officer upon request and without the necessity for a search warrant. *See e.g., State v. McCoy*, 45 N.C. App. 686, 263 S.E.2d 801 (1980). The court may not however require that those with whom the juvenile associates submit to warrantless searches as a condition of the juvenile's probation.

It is unfair and unreasonable to place the success of the juvenile's probation on the acts of others. Conditions requiring probationers to submit to warrantless searches have been upheld because,

> persons conditionally released to society . . . may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities "reasonable" which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate governmental demands. Thus, a probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection.

*Id.* at 691, 263 S.E.2d at 805 (1980) (quoting *People v. Mason*, 5 Cal. 3d 759, 764-65, 488 P.2d 630, 633 (1971), *cert. denied*, 405 U.S. 1016, 31 L. Ed. 2d 478 (1972)). However, for persons not before the court, and

those who have committed no crime, "[t]he Fourth Amendment generally requires a warrant for a search or seizure . . . ." *State v. Craft,* 32 N.C. App. 357, 360, 232 S.E.2d 282, 285, *disc. review denied,* 292 N.C. 642, 235 S.E.2d 63 (1977).

Under the condition in question, if persons not under the control of the court refuse to waive their constitutional rights, the juvenile could be found in violation of the conditions of his probation, and could be subject to a more severe penalty. Despite his most earnest attempt to comply with the conditions of probation and show that he is capable of being a law-abiding citizen, the juvenile's probation could be revoked, through no fault of his own. This in no way promotes the objectives of accountability and responsibility that the Code seeks to instill in juveniles on probation. *See* N.C.G.S. § 7B-2500(2) (1999).

Further, this condition is overly burdensome to the juvenile and not specific enough to be enforced. Unlike adult probationers, juveniles have limited control over where they reside and with whom they must rely for transportation. *See Schall v. Martin,* 467 U.S. 253, 265, 81 L. E. 2d 207, 218 (1984). (By definition, children are not assumed to have the capacity to take care of themselves. They are assumed to be subject to the control of their parents.) The juvenile argues quite persuasively that under this condition of probation, the juvenile could be found in violation if his parents refused to consent to a warrantless search of their home, thus rendering the juvenile homeless. It can not be said that this result is in the best interest of the juvenile, nor is it consistent with the many stated purposes of the Juvenile Code. *See* N.C.G.S. § 7A-516 (1995) (repealed 1 July 1999); *see also* N.C.G.S. § 7B-100(1999); N.C.G.S. § 7B-1500 (1999).

For the reasons stated above, we vacate this condition of probation, finding it invalid and not in the best interest of the juvenile.

———————————

In summary, those conditions of probation discussed herein which are inconsistent with this opinion shall be vacated and the matter remanded to the trial court for the purpose of structuring a disposition consistent with this opinion.

Vacate in part and remand.

Judges WYNN and McGEE concur.