IN THE MATTER OF: J.J.
No. COA08-456
North Carolina Court of Appeals.
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Teresa L. Townsend, for the State.
Betsy J. Wolfenden for respondent-appellant.
TYSON, Judge.
J.J. ("defendant"), a sixteen-year-old juvenile, appeals from order entered placing defendant on probation for one year and ordering him to serve a seven-day sentence in a juvenile detention facility. We affirm.

I. Background
Defendant was adjudicated to be delinquent on 29 March 2007, after he admitted to simple possession of marijuana, a Class 3 misdemeanor. The trial court entered a Level 1 disposition, placed defendant on probation for nine months, and imposed several conditions including: (1) attend school each and every day and (2) not use or possess any controlled substances, alcoholic beverage, or tobacco products. On 21 November 2007, the juvenile court counselor filed a motion for review alleging that defendant had violated his probation by: (1) being absent from school without excuse for over forty days and (2) by possessing cigars, alcohol, and cigarettes. A hearing was held on 11 December 2007. Defendant admitted to these violations.
At disposition, the trial court sentenced defendant to a Level 2 disposition and extended his probation twelve months under the same terms and conditions previously ordered. The trial court also ordered defendant to serve fourteen days in detention, with seven days active and seven days suspended. The trial court's order referred defendant to the Youth Treatment Court ("YTC"). Defendant's suspended seven-day sentence would be activated only if defendant was not accepted in the YTC.
Defendant objected to the detention sentence, and argued that the disposition should be kept open until the juvenile is assessed and the YTC determines whether the juvenile is an appropriate candidate. The trial court rejected defendant's argument and advised him that the "[YTC] is just a resource and there's no real legal reason to leave the disposition open." Defendant appeals.

II. Issues
Defendant argues: (1) the trial court abused its discretion by conditioning the additional seven days in detention on defendant's acceptance into the YTC, and (2) the trial court's disposition impermissibly delegates authority to a third party.

III. Sentencing
Defendant argues the trial court abused its discretion when it ordered him to serve an additional seven days in detention if he was not accepted into the YTC. We disagree.

A. Standard of Review
"On appeal, we will not disturb a trial court's ruling regarding a juvenile's disposition absent an abuse of discretion, which occurs `when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision.'" In Re J.B., 172 N.C. App. 747, 751, 616 S.E.2d 385, 387 (quoting In Re Robinson, 151 N.C. App. 733, 737-38, 567 S.E.2d 227, 229 (2002)), aff'd, 360 N.C. 165, 622 S.E.2d 495 (2005).

B. Analysis
Defendant argues that the trial court impermissibly placed his success on probation in the hands of others by conditioning his detention sentence upon acceptance into the YTC, citing In Re Schrimpsher. 143 N.C. App. 461, 546 S.E.2d 407 (2001). In Schrimpsher, this Court held that a trial court may not impose a term of probation that is conditioned on the acts of persons not under the court's control. 143 N.C. at 468-69, 546 S.E.2d at 413. This case is distinguishable from Schrimpsher.
Here, the trial court did not place defendant's success on probation in the hands of a third party. See id. The trial court conditioned the length of defendant's detention sentence upon acceptance into the YTC. This disposition did not make defendant's success on probation dependent on acceptance into the program. This assignment of error is overruled.

IV. Delegation of Authority
Defendant argues that the trial court's disposition impermissibly delegates authority to a third party. We disagree.
This Court has held that N.C. Gen. Stat. § 7B-2506 does not permit a trial court to delegate its discretion. In Re Hartsock, 158 N.C. App. 287, 292, 580 S.E.2d 395, 399 (2003); In Re S.R.S., 180 N.C. App. 151, 158, 636 S.E.2d 277, 283 (2006) (applying Hartsock to cases involving a trial court's determination of a juvenile's conditions of probation pursuant to N.C. Gen. Stat. § 7B-2510). Pursuant to that section, "the court, and the court alone, must determine which dispositional alternatives to utilize with each delinquent juvenile." Hartsock, 158 N.C. App. at 292, 580 S.E.2d at 399. A trial court may "order certain dispositional alternatives apply upon the happening of a condition, since the court, and not another person or entity, would be exercising its discretion." Id. (emphasis omitted).
Here, the trial court's order is akin to a conditional disposition permitted under Hartsock  defendant's acceptance into the YTC. The YTC does not determine whether defendant should serve seven additional days in detention; YTC only makes a determination of whether defendant is to be accepted into the program. The trial court has not ordered the program to make an impermissible discretionary decision as to defendant's disposition.
We also note that the practical effect of the trial court's decision is not any different than the disposition advocated by counsel at the hearing. Counsel requested that the trial courtleave the disposition open while the YTC determined whether defendant would be accepted into their program. If the trial court had granted defendant's request, and defendant was not accepted into the program, the trial court still could have ordered defendant to spend fourteen days in a juvenile detention facility. See N.C. Gen. Stat. § 7B-2506(20) (2007) (authorizing the trial court to order a juvenile to a detention facility for a term of up to fourteen 24-hour periods, in a Level 2 disposition). This result is not any different than the current disposition and supports our holding that the trial court did not impermissibly delegate its discretion to a third party. This assignment of error is overruled.

V. Conclusion
Defendant has failed to show the trial court abused its discretion when it ordered defendant to serve seven additional days in detention if he was not accepted to the YTC's program. The trial court's order is affirmed.
Affirmed.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).