676 S.E.2d 66 (2009)
In the Matter of D.M.B.
No. COA08-618.
Court of Appeals of North Carolina.
May 5, 2009.
*67 Attorney General Roy A. Cooper, III, by Assistant Attorney General Larissa S. Williamson, for the State.
Lisa Skinner Lefler, Wilmington, for juvenile-appellant.
JACKSON, Judge.
D.M.B. ("the juvenile") appeals his 27 November 2007 adjudication and disposition for assault causing serious bodily injury. For the reasons stated below, we affirm, but remand with instructions as to the order of restitution.
On 19 October 2007, T.G. ("the victim") was a fifteen-year-old student at Nash Central High School. When he got off the school bus that afternoon, the juvenilewhom he had not seen before as he did not ride his bus and did not go to his schoolapproached him and asked him about something that was "going on" at school. After telling the juvenile, "I don't know what you're talking about," the victim began walking toward his home. The juvenile then began hitting the victim in the back of the head, causing him to "hit the ground" with blood coming from his mouth. He felt dizzy.
After the juvenile stopped hitting the victim, the victim walked home, rinsed his mouth, and laid down. When his mother returned home from work, she took him to the hospital where he was x-rayed, CT scanned, and prescribed pain medication. Although the victim had broken both jaws and had a facial fracture, he was sent home. The next day, the victim's mother took him to another hospital, where arrangements were made for surgery. Doctors inserted plates on the left and right side of his jaw, under his chin, and in the front, as well as wired his teeth together so that he could eat only through a straw.
A police investigation led to the juvenile's home. Although he was not home when police arrived, his mother agreed to bring him in for questioning in the morning. In his mother's presence, the juvenile was read his rights and admitted that he had hit the victim. A juvenile delinquency petition was filed on 25 October 2007.
On 27 November 2007, the trial court adjudicated the juvenile delinquent and by disposition order filed 7 December 2007, ordered him to pay $1000.00 in restitution for the victim's benefit, serve seventy-two hours of community service, serve twelve months of supervised probation, and not associate with the victim and two witnesses. The juvenile appeals.
The juvenile first argues that the trial court did not fulfill its duty to be fair and impartial because it made improper comments during disposition. We disagree.
"It is fundamental to our system of justice that each and every person charged with a crime be afforded the opportunity to be tried `before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.'" State v. Harris, 308 N.C. 159, 167, 301 S.E.2d 91, 97 (1983) (quoting State v. Carter, 233 N.C. 581, 583, 65 S.E.2d 9, 10 (1951)). To that end, North Carolina General *68 Statutes, section 15A-1222 prohibits a trial judge from expressing "any opinion in the presence of the jury on any question of fact to be decided by the jury[,]" during any stage of the trial. N.C. Gen.Stat. § 15A-1222 (2007). This Court uses a totality of the circumstances test to evaluate whether a judge's comments "cross into the realm of impermissible opinion." State v. Larrimore, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995) (citations omitted).
The bare possibility, however, that an accused may have suffered prejudice from the conduct or language of the judge is not sufficient to overthrow an adverse verdict. The criterion for determining whether or not the trial judge deprived an accused of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect of the language upon the jury. In applying this test, the utterance of the judge is to be considered in the light of the circumstances under which it was made.
State v. Carter, 233 N.C. 581, 583, 65 S.E.2d 9, 10-11 (1951) (citations omitted).
We note that section 15A-1222 is inapplicable when the judge's comments are not made in the presence of the jury. State v. Joyce, 97 N.C.App. 464, 471, 389 S.E.2d 136, 140, disc. rev. denied, 326 N.C. 803, 393 S.E.2d 902 (1990) (citing State v. Rogers, 316 N.C. 203, 341 S.E.2d 713 (1986)). Here, there was no jury. There also is no indication that the trial judge was not impartial in his role as finder of fact. He did not act on his desire to impose a harsher punishment than the law allowed. After having adjudicated the juvenile delinquent, the trial judge explained that he was confined to imposing a Level I or Level II disposition, despite his desire to impose a harsher punishment. He then imposed disposition at both Level I and Level II, as permitted by law. We can discern no prejudice to the juvenile by the court's comments. Therefore, this argument is without merit.
The juvenile also argues that the trial court should have dismissed the charge against him because the State failed to present sufficient evidence that the victim suffered a serious bodily injury. This issue has not been preserved for our review.
The juvenile admits that trial counsel failed to bring a motion to dismiss at the close of the State's evidence and again at the close of all the evidence, thereby failing to preserve the issue. However, he contends that this Court should review the matter pursuant to the plain error doctrine. We disagree.
The juvenile is correct that the North Carolina Rules of Appellate Procedure permit a criminal defendant to assign error to an issue not otherwise preserved "where the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R.App. P. 10(c)(4) (2007). However, his assignments of error do not "specifically and distinctly" contend that failure to dismiss the charge amounted to plain error.
In addition, plain error "only applies to jury instructions and evidentiary matters in criminal cases. While this is a criminal case, defendant's failure to [move] to dismiss does not trigger a plain error analysis." State v. Freeman, 164 N.C.App. 673, 677, 596 S.E.2d 319, 322 (2004) (citations omitted); see also State v. Richardson, 341 N.C. 658, 676-77, 462 S.E.2d 492, 504 (1995) (plain error analysis unavailable where the defendant failed to properly preserve the issue of sufficiency of the evidence); State v. Bartley, 156 N.C.App. 490, 494, 577 S.E.2d 319, 322 (2003) ("Defendant's attempt to invoke plain error review is inappropriate as this assignment of error concerns the sufficiency of the evidence, not an instructional error or an error concerning the admissibility of evidence.").
Finally, the juvenile argues that the trial court committed reversible error by failing to make appropriate findings of fact in support of its restitution order. We agree that the court erred and remand to the trial court for appropriate further action.
"[A] requirement that a juvenile make restitution as a condition of probation must be supported by the record and appropriate findings of fact which demonstrate that the best interest of the juvenile will be promoted by the enforcement of the condition." In re Berry, 33 N.C.App. 356, 360, 235 S.E.2d 278, *69 280-81 (1977). Here, the State concedes that the trial court failed to make appropriate findings of fact to support its restitution order. Accordingly, we remand for purposes of making appropriate findings of fact to support an order of restitution. See In re Z.A.K., 189 N.C.App. 354, ___, 657 S.E.2d 894, 899, disc. rev. denied, 362 N.C. 682, 671 S.E.2d 532 (2008); State v. Replogle, 181 N.C.App. 579, 584, 640 S.E.2d 757, 761 (2007); In re Schrimpsher, 143 N.C.App. 461, 466, 546 S.E.2d 407, 411 (2001).
No error in part and remanded with instructions in part.
Judges ROBERT C. HUNTER and ELMORE concur.