**IN RE D.A.Q.**

[214 N.C. App. 535 (2011)]

IN THE MATTER OF: D.A.Q.

No. COA10-1325

(Filed 16 August 2011)

**1. Juveniles—restitution—juvenile's best interest—no finding**

An order requiring a juvenile adjudicated delinquent to pay restitution was vacated and remanded where the judge did not find that restitution was in the juvenile's best interest.

**2. Juveniles—restitution—joint and several liability**

The trial court did not err by not holding a juvenile jointly and severally liable for restitution along with another juvenile after they feloniously broke and entered a motor vehicle. Although the juvenile bringing this appeal was required to pay more than half the restitution, joint and several liability could have resulted in this juvenile being required to pay the entire amount due to the co respondent's numerous other restitution obligations.

**3. Juveniles—restitution—fairness to victim**

A restitution order against a juvenile was remanded where the trial court's findings indicated that the court was primarily concerned with fairness to the victim rather than the juvenile.

Appeal by juvenile from order entered 26 August 2010 by Chief Judge Robert B. Rader in Wake County District Court. Heard in the Court of Appeals 11 April 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Tawanda N. Foster-Williams, for the State.*

*Mary McCullers Reece for defendant-appellant.*

GEER, Judge.

Juvenile D.A.Q. appeals from the trial court's order requiring him to pay $242.58 in restitution after he was adjudicated delinquent of two counts of feloniously breaking and entering a motor vehicle. We reverse and remand for further findings of fact because the trial court failed to make any findings regarding whether restitution is in the juvenile's best interest and whether the restitution was fair to the juvenile.

**IN RE D.A.Q.**

[214 N.C. App. 535 (2011)]

Facts

The State's evidence tended to show the following facts. On 24 April 2010, 13-year-old D.A.Q. ("Danny") and another juvenile, D.W. ("Dale"),[1] broke into two vehicles and attempted to break into a building occupied by J and S Auto Services, Inc. Danny admitted to two counts of breaking into a motor vehicle and, in exchange, the State dismissed the charge of attempting to break into a building.

On 8 July 2010, the trial court adjudicated Danny delinquent of two counts of feloniously breaking and entering a motor vehicle. The court concluded that it was required to order a level two disposition, but was also allowed to order any level one disposition. The court then placed Danny on probation for up to nine months with certain terms and conditions. A hearing on the issue of restitution was scheduled for a later date.

On 28 July 2010, a supplemental hearing was held before Chief Judge Robert B. Rader to decide the appropriate amount of restitution, if any, that Danny should pay. The State presented evidence indicating that one vehicle owner suffered a $265.00 loss. The second vehicle owner did not report any loss.

Previously, Dale had been adjudicated delinquent by another judge and had been ordered to pay restitution for this break-in along with others. Since Dale's restitution amount did not cover all of the losses of Dale's victims, the judge apportioned Dale's restitution payment among the victims on a pro-rata basis. Dale was ordered to pay $22.52 in restitution to the victim in this case.

Chief Judge Rader, in determining Danny's restitution, noted that the amount of restitution normally would be split evenly between the two juveniles. In light of the limited amount being paid by Dale, however, he concluded that it was appropriate for Danny to pay the victim restitution in the amount of $242.58—the remainder of the loss after Dale paid his restitution to the victim.

The court made the following findings of fact to support its conclusion that Danny should pay $242.58 in restitution:

8. That in light of the co-respondent's numerous restitution obligations, it is appropriate for the Juvenile to pay more than half of the remaining restitution owed in the amount of $242.58.

---

1. The pseudonyms "Danny" and "Dale" are used to protect the juveniles' privacy and for ease of reading.

9. That to split the restitution amount evenly between the Juvenile and the co-respondent in this matter would result in an injustice to the victim who has suffered a financial loss and would not be fully compensated.

10. That $242.58 is a reasonable amount of restitution and the Juvenile has the means and ability to earn the entire amount by performing community service through the Juvenile Restitution Program without paying a dime out-of-pocket.

11. That the Juvenile is physically fit and of an age and maturity level that he is capable of performing community service to satisfy the restitution amount owed.

Danny timely appealed to this Court.

Discussion

**[1]** The sole issue on appeal is whether the trial court made adequate findings of fact to support its order that Danny pay $242.58 in restitution. Pursuant to N.C. Gen. Stat. § 7B-2506(4) (2009), a trial court may:

Require restitution, full or partial, up to five hundred dollars ($500.00), payable within a 12-month period to any person who has suffered loss or damage as a result of the offense committed by the juvenile. The court may determine the amount, terms, and conditions of the restitution. If the juvenile participated with another person or persons, all participants should be jointly and severally responsible for the payment of restitution; however, the court shall not require the juvenile to make restitution if the juvenile satisfies the court that the juvenile does not have, and could not reasonably acquire, the means to make restitution.

"An order of restitution must be supported by the record, which demonstrates that the condition is fair and reasonable, related to the needs of the child, and calculated to promote the best interest of the juvenile in conformity with the avowed policy of the State in its relation with juveniles." *In re Schrimpsher*, 143 N.C. App. 461, 464, 546 S.E.2d 407, 410 (2001).

Danny contends, and the State concedes, that the trial court erred when it failed to make a finding of fact that the restitution was in his best interest. As this Court has previously held, " '[a] requirement that a juvenile make restitution as a condition of probation must be supported by the record and appropriate findings of fact which demonstrate that the best interest of the juvenile will be promoted by the

enforcement of the condition.' " *In re D.M.B.*, 196 N.C. App. 775, 778, 676 S.E.2d 66, 68 (2009) (quoting *In re Berry*, 33 N.C. App. 356, 360, 235 S.E.2d 278, 280-81 (1977)). *See also In re Z.A.K.*, 189 N.C. App. 354, 362, 657 S.E.2d 894, 899 (reversing and remanding for findings as to best interest of juvenile when order stated juvenile had ability to pay, but did not make any finding as to restitution being in juvenile's best interest), *appeal dismissed and disc. review denied*, 362 N.C. 682, 671 S.E.2d 532-33 (2008).

Here, the trial court's order contains no finding that the restitution was in Danny's best interest. Instead, the court based its decision that Danny must pay $242.58 on a desire to avoid an "injustice to the victim who has suffered a financial loss and would not [otherwise] be fully compensated." As this Court has noted, however, " 'compensation of victims should *never* become the only or paramount concern in the administration of juvenile justice.' " *In re Heil*, 145 N.C. App. 24, 31, 550 S.E.2d 815, 821 (2001) (quoting *In re Register*, 84 N.C. App. 336, 339, 352 S.E.2d 889, 891 (1987)). Therefore, we must reverse the order of restitution and remand for further findings of fact regarding Danny's best interest.

[2] Danny contends additionally that he and Dale should have been held jointly and severally liable for the restitution payment.[2] This argument—as well as the State's response—suggests a fundamental misunderstanding of the concept of "joint and several liability."

N.C. Gen. Stat. § 7B-2506(4) provides that "[i]f the juvenile participated with another person or persons, all participants should be jointly and severally responsible for the payment of restitution . . . ." Danny, in arguing that the trial court should have imposed joint and several liability for the restitution, relies on *In the Matter of Hull*, 89 N.C. App. 138, 365 S.E.2d 221 (1988).

The trial court in *Hull* found three juveniles delinquent for damage to a mobile home and two of the three juveniles delinquent for damage to certain automobiles. *Id.* at 139, 365 S.E.2d at 222. Each juvenile was ordered to pay $1,000.00 in restitution to the mobile home owner and to pay $130.21 to one of the automobile owners. *Id.* This Court was unable to determine from the record whether the juveniles acted jointly in causing the damage and accordingly

---

2. Although Danny argues that "all should be held jointly and severally responsible for payment of restitution," Chief Judge Rader could not impose joint and several liability on Dale because Dale's case was not before Chief Judge Rader—his restitution had been previously decided by another judge.

remanded with an instruction to make this determination. *Id.* at 141, 365 S.E.2d at 223. Pursuant to statute,[3] the Court held that "[i]f [the trial judge] finds the juveniles jointly participated in causing the damage, then they should be held jointly and severally liable." *Id.*

When joint and several liability is imposed, "each liable party is individually responsible for the entire obligation." *Black's Law Dictionary* 997 (9th ed. 2009). *See also Sheppard v. Zep Mfg. Co.,* 114 N.C. App. 25, 35, 441 S.E.2d 161, 167 (1994) ("Defendants argue that the instruction [that Champion would be jointly and severally liable for all damages] was prejudicial in that 'the jury was led to believe that Champion would share equally in any damages assessed against the defendants.' However, it is well established that the term 'jointly and severally' implies that one tortfeasor could pay for all of plaintiff's damages . . . .").

Danny and the State, like the defendants in *Sheppard,* appear to mistakenly believe that joint and several liability means that the loss will be divided equally between the juveniles, thus favoring the juvenile. In fact, the application of joint and several liability generally operates to benefit the injured party seeking compensation. *See Harlow v. Voyager Commc'ns V,* 348 N.C. 568, 572, 501 S.E.2d 72, 74 (1998) (explaining that where joint and several liability applies, " 'the liability of each defendant is not necessarily dependent upon the liability of any other defendant, and plaintiff may be made whole by a full recovery from any defendant' " (quoting 10 James W. Moore et al., *Moore's Federal Practice* ¶ 55.25, at 55-46 (3d ed. 1997))); *Bell v. Lacey,* 248 N.C. 703, 705, 104 S.E.2d 833, 835 (1958) ("When negligence is joint and several, the injured party may elect to sue either of the joint tort-feasors separately, or any or all of them together."); *Charnock v. Taylor,* 223 N.C. 360, 363, 26 S.E.2d 911, 914 (1943) (noting that under joint and several liability, "the injured party may sue either of [the tort-feasors] separately or any or all of them together, at his option").

Here, the trial court found as fact "[t]hat normally the amount of restitution required to be paid in this matter would be split evenly," but "[t]hat in light of the co-respondent's numerous restitution obligations, it is appropriate for the Juvenile to pay more than half of the remaining restitution owed in the amount of $242.58." Neither a fifty-

---

3. The relevant statute then in effect was N.C. Gen. Stat. § 7A-649(2) (1986), which like the current statute, included language that " 'all participants should be jointly and severally responsible for the payment of restitution.' " *Hull,* 89 N.C. App. at 141, 365 S.E.2d at 223 (quoting N.C. Gen. Stat. § 7A-649(2)).

fifty split nor the restitution ultimately ordered is an application of joint and several liability. If the court had applied joint and several liability, Danny could have been required to pay the total amount of $265.00 instead of the lesser amount of $242.58.

In other words, the trial court's order, by requiring Danny to pay less than the full amount, is more favorable to him than if the court had applied joint and several liability. Thus, any lack of findings regarding joint and several liability was not prejudicial to Danny and cannot be a basis for reversal.

[3] Danny also argues that the trial court failed to make adequate findings that the amount of restitution was fair, citing *In re Schrimpsher*, 143 N.C. App. at 463, 546 S.E.2d at 410. In *In re Schrimpsher*, this Court reversed an order of restitution and remanded for further findings of fact when the findings were such that "it [was] impossible to determine whether the conditions [were] fair and reasonable," as well as in the best interest of the juvenile. *Id.* at 466, 546 S.E.2d at 411.

Here, the trial court did not find that the restitution order was fair to Danny, but, rather, the findings of fact indicate that the court was primarily concerned with fairness to the *victim*. The court determined the amount of restitution "in light of the co-respondent's numerous restitution obligations" because "to split the restitution amount evenly between the Juvenile and the co-respondent in this matter would result in an injustice to the victim." Given these findings, we cannot determine that the trial court's order sufficiently demonstrated that the amount of restitution ordered was fair and reasonable to Danny. We, therefore, also remand for further findings establishing that any restitution order is fair and reasonable as to Danny.

Reversed and remanded.

Chief Judge MARTIN and Judge ELMORE concur.